OPINION OF THE COURT
Seymour Schwartz, J.
Plaintiff moves to reject the report of a Referee, dated October 29, 1986, and for entry of a default judgment against defendant Budgewood Laundry Service (Budgewood) on the first cause of action. Defendants cross-move to confirm the Referee’s report, for denial of a default judgment and dismissal of the action against Budgewood for failure to properly serve the summons and complaint upon it.
The action was commenced by service of a summons and verified complaint on defendant Alexander Karten in August 1982. Subsequently, plaintiff amended the complaint to add as a party defendant, a laundry which plaintiff believed to be named Bridgewood Laundry, Inc. The summons and amended complaint were served on November 4, 1982, by personal delivery to a Phyllis Edwards at the laundry’s place of business.
The laundry failed to answer or move. Disclosure followed and plaintiff discovered that the laundry’s true corporate name was Budgewood Laundry Service, Inc.
Plaintiff moved to amend the caption to add Budgewood as a party defendant, and for a default judgment. In response, for the first time Budgewood asserted lack of personal jurisdiction due to improper service, claiming Edwards was an employee of Trousseau Laundry, Inc. (Trousseau), another company doing business on the premises, not Budgewood. The motion to amend the caption was granted on consent on October 28, 1984, and a traverse was ordered.
At the hearing plaintiff was precluded by the Referee from offering testimony by the process server of prior uncontested services on Budgewood in other actions by personal delivery to Edwards. The Referee ruled that the only issue was Edwards’ status as an employee of Budgewood on the date of service, and found Edwards was not employed by Budgewood, rendering service ineffective, and recommended dismissal of the action against Budgewood.
A motion to reject the Referee’s report was granted on May 6, 1985 to the extent that the Referee was directed to reopen *462 the traverse to permit the process server to testify about prior services on Budgewood.
At the second hearing the process server, Harrison Admire, testified that he had served Budgewood over one dozen times in the past 10 years, always on either defendant Harten (the sole shareholder and president of Budgewood) or Edwards. The Referee did not credit Admire’s testimony and adhered to his original opinion and recommendation.
The details of Admire’s testimony regarding prior service of process on Budgewood by personal delivery to Edwards and the failure to contest service are compelling and the court finds his testimony credible. Supporting the conclusion is the fact that in spite of the name Bridgeview Laundry Inc. on the papers, Admire went to the correct address, and after having ascertained that Harten was not present, sought out Edwards whose desk is located in a room together with some 18 other employees. Admire, after inquiring from Edwards whether Harten was present, then told her he had a summons, and either placed the papers in her hand or left them on her desk. Concededly Edwards did not divulge her name, yet Admire supplied it, properly spelled, in his affidavit of service. Such conduct is inexplicable unless there had been prior service by personal delivery in other actions to Edwards. Edwards recognized the papers as a complaint, did not object to their receipt and the corporation did not object for more than 18 months.
The parties claimed by Harten as authorized to accept service did not testify at the traverse.
Admire’s failure to recall the names of cases or dates of service, and his inability to supply records of past service on Budgewood is not surprising in view of the lapse of time — at least four years — since the prior services were made, and the great number of papers served by a professional process server.
Even if Edwards were a clerical employee, a corporation does not always find safe harbor by following the formalities of CPLR 311, for the section has been interpreted with increasing liberality. (Fashion Page v Zurich Ins. Co., 50 NY2d 265 [1980].) Agency for acceptance of service has been deemed created where a person is permitted to accept service without objection by a corporation, in spite of the absence of any formal grant of authority. (Central Savannah Riv. Area Resource Dev. Agency v White Eagle Intl., 117 Misc 2d 338 [Sup Ct, Nassau County 1983], 110 AD2d 742 [2d Dept 1985].)
*463 Although Edwards was not employed by Budgewood, the uncontested facts are that Budgewood and Trousseau occupy the same space, are managed and owned by the same parties, share formally authorized agents for service of process, and divide their work amongst a pool of employees without regard to which company employs them. Specifically, Edwards performs work for both Budgewood and Trousseau, and indeed without knowing whether a particular task is for one or the other. Finally, there is no directory notifying visitors of the existence of the two companies or where each corporation’s officers, agents or employees are to be found. The two companies appear to function as one. Simply because Edwards was paid by Trousseau does not bar a finding of proper service on Budgewood. (See, McBride v County of Schenectady, 110 AD2d 1000 [3d Dept 1985].)
In sum, the arrangement at Budgewood’s premises seems deliberately designed to confuse and mislead so as to ensure that service of process may always be subject to challenge. Such conduct should be discouraged by the courts. With limited judicial resources available, courts should seek to quickly deal with the substantive issues of litigation, not devote four years to the resolution of procedural roadblocks.
A corporation is obligated to identify a proper person to accept service, since a process server "cannot be expected to know a corporation’s internal practices” (Central Savannah Riv. Area Resource Dev. Agency v White Eagle Intl., 117 Misc 2d supra, at 340). And a process server is entitled to rely on corporate employees to identify the proper person to accept service. (Fashion Page v Zurich Ins. Co., supra.)
Edwards recognized that Admire was seeking to serve process and failed to object to receipt. Admire justifiably relied on Edwards’ acquiescence then and on the past occasions when this procedure led to no objections to service. Budgewood’s prolonged failure in this case to notify plaintiff of any problem with service further supports this conclusion.
"[I]f service is made in a manner which, objectively viewed, is calculated to give the corporation fair notice, the service should be sustained” (De Vore v Osborne, 78 AD2d 915, 916 [3d Dept 1980]). The service gave fair notice and should be sustained.
The motion is granted. The cross motion is denied. Judgment for plaintiff against Budgewood, on default.