■ CLEAN RENTAL SERVICES, INC., Respondent, v ALEXANDER KARTEN et al., Appellants.—Order of the Supreme Court, New York County (Seymour Schwartz, J.), entered September 9, 1987, which granted plaintiff's motion for an order disaffirming the report of the Special Referee recommending dismissal of the action as against defendant Budgewood Laundry Service, Inc., for lack of jurisdiction, and for a default judgment against such defendant, and which denied such defendant's cross motion for an order affirming such report, and for dismissal of the action as against it for lack of jurisdiction, unanimously reversed, on the law and the facts, plaintiff's motion is denied, defendant's cross motion is granted, and the judgment of the same court entered December 22, 1987 pursuant to such order is vacated, without costs. The appeal from the order of the same court, entered March 9, 1988, which granted defendant Budgewood Laundry Service, Inc.'s motion

for reargument, and, upon reargument, adhered to the prior order of September 9, 1987, is unanimously dismissed as academic, without costs.

Plaintiff claims jurisdiction over the corporate defendant, Budgewood Laundry Service, Inc., by reason of the fact that its process server had on prior occasions, just as he did on this occasion, served companies, such as Budgewood, which are located at the address indicated on the summons and associated with the individual defendant, Alexander Karten, Budgewood's president, by delivering process to a Mrs. Edwards, who had always accepted the process without objection. Such experience, plaintiff argues, made it reasonable for its process server to believe, without making further inquiry of Budgewood's employees on this occasion, and without any objective manifestations of Edwards's authority, that she had been authorized by Budgewood to receive service of process. As proof that its process server had in the past delivered process to Edwards for the purpose of acquiring jurisdiction over Karten's companies, plaintiff offered only the say-so of the process server, which was traversed by Edwards who testified that she had never seen the process server prior to the date of the service challenged herein. This conflict in the testimony raised an issue of credibility that was resolved by the Special Referee against plaintiff because of its failure to produce any documentation of even one such prior service, and because of the process server's inability to otherwise provide through testimony the titles or index numbers of the actions in which the claimed prior services were made, the names of the plaintiff's attorneys in those actions, the approximate dates of the claimed prior services, how and when he originally came to believe that Edwards was authorized to accept process, or other details that might permit investigation and verification of the claimed prior services. Finding that plaintiff's process server had not, as claimed, ever before delivered process to Edwards, the Special Referee recommended that the action be dismissed as against Budgewood. The IAS court, however, rejected this recommendation, emphasizing that of the numerous persons present on Budgewood's premises it was Edwards who the process server sought out, and that he was able to identify her by name in his affidavit of service even though no conversation was had between the two during their encounter. "Such conduct", IAS reasoned, "is inexplicable unless there had been prior service by personal delivery in other actions to Edwards." We disagree. Another possible explanation, no less likely and no more speculative, is that the process server

entered the premises, approached Edwards for no particular reason, dropped the papers on her desk, turned around without saying a word, and, before leaving the premises, inquired as to her name from one of the numerous persons present on the premises. Put otherwise, while we are prepared to accept, arguendo, that jurisdiction over Budgewood would be present if plaintiff's process server had on at least one prior occasion delivered process to Edwards, without objection, for the purpose of acquiring jurisdiction over one of Karten's companies (see, *Fashion Page v Zurich Ins. Co.,* 50 NY2d 265; *Grabino v Howard Stores Corp.,* 111 Misc 2d 54; *Central Savannah Riv. Area Resource Dev. Agency v White Eagle Intl.,* 117 Misc 2d 338), we do not think it permissible to infer such a prior delivery from the mere fact that the process server knew Edwards's name although she did not divulge it to him at the time of the disputed service. In rejecting this inference, we emphasize, first, that the burden was on plaintiff to prove the claimed prior delivery by a preponderance of the evidence (*Skyline Agency v Ambrose Coppotelli, Inc.,* 117 AD2d 135, 139), and second, that the Special Referee, as trier of the facts, was in a better position than the court to determine issues of credibility, and his report should have been confirmed if his finding that plaintiff's process server had never before delivered process to Edwards had support in the record (*Namer v 152-54-56 W. 15th St. Realty Corp.,* 108 AD2d 705).

We also reject any argument by plaintiff to the effect that jurisdiction was acquired over Budgewood by virtue of the concededly valid service that was made on Karten. The process served on Karten did not name Budgewood nor in any other way indicate that judgment was being sought against it as well as him. Only later did plaintiff, in violation of CPLR 1003, amend the caption without court leave so as to add Budgewood as a defendant, and attempt to serve that corporation by delivering the amended process to Edwards. Under these circumstances, to hold that service on Karten constitutes service on Budgewood would be to ignore Budgewood's separate existence, at least for purposes of jurisdiction, and to condone plaintiff's joinder of Budgewood without court leave (see, *Connell v Hayden,* 83 AD2d 30, 36-37).

In view of the foregoing, it is unnecessary to consider other arguments made by Budgewood against jurisdiction, including, in particular, that plaintiff's joinder of it without court leave is sufficient by itself to warrant dismissal. Concur—Sullivan, J. P., Kassal, Rosenberger and Wallach, JJ. [See, 135 Misc 2d 460.]