■ CREDIT CAR LEASING CORP. et al., Appellants, v ELAINE LITWER et al., Respondents.—Order, Supreme Court, New York County (David Edwards, Jr., J.), entered on June 20, 1989, which denied plaintiffs' motion pursuant to CPLR 4403 for an order rejecting the report of Special Referee Donald Diamond dated November 7, 1988, and granted the motion to confirm, unanimously affirmed, with costs.

By orders entered on June 23, 1987 and October 16, 1987, respectively, the issues of (1) whether defendant Litwer is a stockholder in plaintiff corporation in violation of a May 1987 order and (2) whether such conduct actually defeated, impeded, impaired and prejudiced the rights of plaintiff, were referred to the Special Referee for a hearing. After a lengthy hearing Special Referee Diamond concluded that defendant Litwer is a 25% owner of plaintiff corporation. He did not reach the other issues, the plaintiffs having failed to present any evidence as to them.

The plaintiffs argue that their evidence should be accepted and the evidence of the defendants rejected as incredible. Credibility questions are for the Referee *(Kardanis v Velis,* 90 AD2d 727) and we find no reason to disturb the credibility determinations of the Referee, who was in a better position than this court to determine credibility. *(See, e.g., Clean Rental Servs. v Karten,* 146 AD2d 462.)

Defendants contend that defendant Litwer acquired her 25% interest in plaintiff corporation by reason of an agreement with plaintiff Gray to exchange that interest for unearned sales commissions. Plaintiffs contend that evidence of such agreements is barred by the Statute of Frauds pertaining to sale of business (General Obligations Law § 5-701 [a] [10]) and pertaining to transfer of securities (UCC 8-319). Defendants have not, however, presented evidence of an executory contract, but rather evidence of a completed and existing business relationship whereby defendant Litwer was a 25% owner of plaintiff corporation. Plaintiffs' argument that the option was revoked by defendant Litwer's inconsistent conduct was rejected as incredible and we perceive no basis to disturb this determination.

We have reviewed the remaining contentions and find them to be without merit. Concur—Carro, J. P., Asch, Kassal and Smith, JJ.