■ NIELSEN MEDIA RESEARCH, INC., Appellant, v THE CARLTON HOTEL, LLC, Respondent, et al., Respondent. [774 NYS2d 8]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered July 17, 2003, which, upon renewal/reargument of a prior order that had declared that monies paid by respondent Carlton Hotel to respondent general contractor Inman Construction's subcontractors, suppliers and other third parties did not violate a restraining notice served on Carlton by petitioner, adhered to that prior order, and additionally dismissed this petition, finding that the restraining notice was not violated by Carlton's payment directly to Inman because Carlton was not indebted to Inman at the time it was served with the notice, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered January 23, 2003, unanimously dismissed, without costs, as superseded by the appeal from the later order.

At the time petitioner's restraining notice was served on Carlton, judgment debtor Inman owed Carlton an amount that was more than twice the profit to which Inman would become entitled upon completion of the construction project. Although Carlton made payments directly to Inman following service of petitioner's restraining notice, such payments were for the costs

of the project, to avoid the expense of having to seek a new contractor to complete the work. No payment was allocated to Inman's profit. These payments did not violate the restraining notice, inasmuch as Carlton, at the time it was served, owed no "debt" to Inman and was not in possession of any money or property in which Inman had "an interest" under CPLR 5222 (b) and 105 (i) (*see Matter of Cosmopolitan Mut. Cas. Co. of N.Y. v Monarch Concrete Corp.*, 6 NY2d 383).

Even were it assumed that Carlton had violated the restraining notice, petitioner cannot demonstrate—given Carlton's superior right of setoff—that any money Carlton paid to Inman would otherwise have been available to satisfy the judgment (*see Aspen Indus. v Marine Midland Bank*, 52 NY2d 575 [1981]; Debtor and Creditor Law § 151). Nor is petitioner entitled to a declaration that monies that will become due and payable to Inman from Carlton should be available to satisfy the judgment, since there is no debt that will become due at a certain time or upon Inman's demand (CPLR 5201 [a]; *see generally Matter of Supreme Mdse. Co. v Chemical Bank*, 70 NY2d 344, 349 [1987]). At this point, even upon completion of the construction project, Inman will still owe Carlton more than what Inman would otherwise be entitled to as a fee. Concur—Nardelli, J.P., Andrias, Sullivan and Lerner, JJ.