■ BROOKMAN & BROOKMAN P.C., Appellant, v JOSEPH FLEISCHER NATURAL COIFFURES, INC., et al., Respondents. [785 NYS2d 907]—

Judgment, Supreme Court, New York County (Sue Ann Hoahng, Special Referee), entered on or about January 16, 2004, which, to the extent appealed from, limited plaintiff's legal fees in an underlying matter to a principal award of $7,513, and order, same court and Referee, entered on or about March 24,

2004, which, to the extent appealed from, dismissed plaintiff's motion to set aside or modify the judgment or to grant a new trial, unanimously affirmed, without costs.

Plaintiff law firm made no attempt to verify any of its efforts by producing work product or other independent evidence to corroborate the invoices, which defendants amply demonstrated contained discrepancies and inconsistent entries. Because the Special Referee reviewed the appropriate factors enunciated in *Matter of Karp* (145 AD2d 208 [1989]), there is no reason to disturb the amount of fees awarded (*Sage Realty Corp. v Proskauer Rose*, 288 AD2d 14 [2001], *lv denied* 97 NY2d 608 [2002]). Where determination of counsel fees turns upon an assessment of witnesses' credibility, as in the instant matter, we defer to and uphold the factfinder's determination, absent an abuse of discretion (*see Matter of Evans v Board of Assessment Review of Town of Catskill,* 300 AD2d 768 [2002]). The Special Referee's determination was a proper exercise of discretion, supported by the record.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Williams, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.