■ CITIBANK, N.A., Respondent, v ANGST, INC., et al., Defendants, and JOHN M. McNAMARA, Appellant. [878 NYS2d 671]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered February 8, 2008, inter alia, directing defendant-appellant judgment debtor's arrest upon a finding that he failed to purge his contempt of judgment creditor's subpoena in accordance with a prior order, same court and Justice, dated June 21, 2006 (the 2006 contempt order), and order, same court and Justice, entered April 23, 2008, again directing judgment debtor's arrest upon a finding that the automatic bankruptcy stay in 11 USC § 362 does not apply to the February 8, 2008 order, unanimously affirmed, with one bill of costs.

The 2006 contempt order adjudged judgment debtor in contempt for failing to appear and produce documents in accordance with judgment creditor's nonjudicial subpoena, and

provided that judgment debtor could purge himself of the contempt by producing the documents and appearing for examination on specified dates. Judgment debtor challenges the validity of this order, arguing that under CPLR 2308 (b) the remedy for noncompliance with a nonjudicial subpoena, in the first instance, is not contempt but an order compelling compliance. We reject that challenge because the purging provision in the 2006 contempt order was, in effect, an order compelling compliance with the subpoena.

As it happened, before judgment debtor's arrest was ordered in the February 8, 2008 order, he had been given a second opportunity, in an order entered February 28, 2007, to purge his contempt of the subpoena by showing, as he claimed for the first time in his opposition to judgment creditor's motion for a commitment order made after the purge examination, that a neurological condition impaired his memory and prevented him from answering the questions put to him at the purge examination. The February 28, 2007 order, which directed a Special Referee to report on whether judgment debtor "has a neurological condition so affecting his memory that it excuses his otherwise contemptuous conduct in failing to answer the questions asked him by [judgment creditor] at the examination, in particular those [516] questions set forth in [judgment creditor's counsel's] August 17, 2006 affidavit," was a clear and unequivocal mandate that gave judgment debtor clear notice what he needed to do to purge his contempt.

Since judgment debtor's opposition to the second contempt motion did not claim that his answers to the questions set forth in judgment creditor's affidavit were responsive, only that a neurological memory disorder prevented him from giving responsive answers, the factual issue referred to the Special Referee was not whether any particular answer was contemptuous, but whether judgment debtor's "otherwise contemptuous" answers were due to the claimed neurological disorder. Such fact-finding was subject to the preponderance-of-the-evidence standard applied by the Special Referee, and no basis exists to disturb the Special Referee's finding, turning largely on the credibility of expert witnesses, that judgment debtor's failure to answer the questions was not the result of a neurological disorder (*see Clean Rental Servs. v Karten*, 146 AD2d 462, 464 [1989]).

Judgment debtor's remaining arguments are unavailing. CPLR 5221 (a) (4) did not require that judgment creditor seek enforcement of its subpoena by way of a special proceeding returnable in the county of judgment debtor's residence, regular

employment or place of business. A contempt motion under CPLR 5210 to enforce a CPLR 5224 subpoena served on a judgment debtor is not an enforcement device that requires institution of a special proceeding, and judgment creditor properly made its contempt motions returnable in Supreme Court, New York County, which issued the judgment sought to be enforced (*see* CPLR 5221 [b]; Judiciary Law § 756; *Coutts Bank [Switzerland] v Anatian*, 275 AD2d 609, 611 [2000, Sullivan, J., concurring]). Since the February 8, 2008 commitment order was entered to uphold the dignity of the court, not collect on a judgment, the automatic stay provisions of 11 USC § 362 do not apply (*see In re Altchek*, 124 BR 944, 959 [SD NY 1991]). We note that judgment debtor's opening brief contains factual assertions without supporting references to the record or appendix, contrary to the rules governing appeals (CPLR 5528 [a] [3]; [b]; 22 NYCRR 600.10 [d] [2] [iii]). Concur—Saxe, J.P., Sweeny, Moskowitz and Acosta, JJ.