■ RICHARD B. COHEN, Appellant, v AKABAS & COHEN, a Partnership in Dissolution, et al., Respondents. [896 NYS2d 324]—

Order, Supreme Court, New York County (Louis Crespo, Special Ref.), entered December 8, 2008, which, inter alia, in this action seeking an accounting in connection with the dissolution of a certain law firm, awarded plaintiff a one-third

interest in the law firm with interest at the rate of 4½%, unanimously affirmed, without costs.

The decision of a fact-finding court should not be disturbed upon appeal unless it is obvious that its conclusions could not have been reached under any fair interpretation of the evidence, particularly where the findings of fact largely rest upon considerations relating to the credibility of witnesses (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]; *Citibank, N.A. v Angst, Inc.*, 61 AD3d 484, 485 [2009], *lv dismissed* 13 NY3d 753 [2009]). In that connection, the special referee, as the trier of fact, considered the proof before him, as well as the credibility of· the witnesses, including the experts, and determined that the lease had no value on the date that plaintiff departed defendant law firm, providing a detailed, well-reasoned explanation for his ruling. There is, thus, no basis for setting aside his decision, which is supported by the evidence presented at the hearing.

Similarly, the special referee was warranted in affording plaintiff a one-third interest in the distribution of the firm's assets, as set forth in the three-member firm's partnership agreement, and also did not improvidently exercise his discretion in imposing 4½% interest on the principal of the sum awarded to plaintiff inasmuch as the allowance of interest is, insofar as concerns partnership accountings, a matter for decision on equitable principles (*see* CPLR 5001 [a]; *Shubert v Lawrence*, 27 AD2d 292, 297 [1967]). Concur—Friedman, J.P., Moskowitz, Renwick, Freedman and Román, JJ.