■ ELVIO TAVERAS et al., Appellants, et al., Plaintiffs, v GENERAL TRADING CO., INC., Respondent. [901 NYS2d 263]—

Judgment, Supreme Court, New York County (Debra A. James, J.), entered November 25, 2009, which, inter alia, found plaintiffs Elvio Taveras and 2927 Eighth Avenue Corp. (2927 Corp.) in civil contempt and imposed a civil fine against plaintiff Taveras payable to defendant in the amount of $2,500,000, unanimously affirmed, with costs. Appeals from order, same court and Justice, entered October 21, 2009, which, inter alia, found plaintiffs Taveras and 2927 Corp. guilty of civil contempt, and from order, same court and Justice, entered November 10, 2009, which enforced the October 21, 2009 order, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment. Appeal from judgment, entered November 25, 2009 by the County Clerk upon a confession of judgment, unanimously dismissed, without costs, as nonappealable.

An order of reference authorizes "consideration both of matters expressly stated and clearly implied therein" (*Sage Realty Corp. v Proskauer Rose*, 288 AD2d 14, 15 [2001], *lv denied* 97 NY2d 608 [2002]). Here, the order of reference was issued in response to defendant's motion to cite Taveras and 2927 Corp. for contempt, and expressly directed the special referee to report on the elements necessary to find contempt, including "(1) whether the said plaintiffs have distributed the assets of [2927 Corp.] in violation of [the] court's August 31, 2006 order granting a preliminary injunction and, if so, (2) whether said plaintiffs' conduct was calculated to, or actually did defeat, impair, impede, or prejudice defendant's rights or remedies." To determine whether plaintiffs' misconduct prejudiced defendant's rights, it was necessary for the referee to determine whether plaintiffs

were indebted to defendant, and consideration of the amount of plaintiffs' debt to defendant was at least "clearly implied" in the reference. Further, plaintiffs' injection of the issue of the amount of their debts caused the referee to make the specific findings he did. Thus, the referee did not exceed his authority.

The IAS court "was vested with broad power to accept or reject the Special Referee's report" which power was not "improvidently exercised" in confirming the report here (*Sage Realty Corp.* at 15) since "its findings are supported by the record" (*Baker v Kohler* 28 AD3d 375, 375-376 [2006], *lv denied* 7 NY3d 885 [2006]). We defer to the referee's determination, particularly where, as here, it "turns upon an assessment of witnesses' credibility" (*Brookman & Brookman P.C. v Joseph Fleischer Natural Coiffures, Inc.*, 13 AD3d 196, 197 [2004]). The referee's report herein contained 130 findings of fact and 50 conclusions of law, with each of the findings supported by a citation to the record. Plaintiffs have failed to show that the referee erred, particularly with respect to violation of the injunction, in finding that plaintiffs had distributed assets belonging to defendant which were calculated to and actually did impair and prejudice defendant's rights.

The IAS court also properly found that based upon the prior dissolution proceeding, 2927 Corp. and Taveras were precluded from relitigating issues as to defendant's ownership of 2927 Corp.'s stock and defendant's officer acting as 2927 Corp.'s sole director.

Since the court properly ruled that defendant was entitled to the books, records and assets of 2927 Corp. and that Taveras was required to turn over said books, records and assets, when Taveras refused to do so, the court was within its power to direct the Sheriff to enforce the order.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Nardelli, Acosta and Abdus-Salaam, JJ.