■ SARIT SHMUELI, Appellant, v NRT NEW YORK, INC., Defendant, and MORRIS DUFFY ALONSO & FALEY, LLP, Respondent. [910 NYS2d 902]—

Order, Supreme Court, New York County (Louis Crespo, Special Ref.), entered September 10, 2008, as amended by order, same Referee and entry date, which, inter alia, determined that respondent law firm was entitled to a charging lien fixed at 33¹/₃% upon the proceeds of the underlying litigation, unanimously affirmed, without costs.

The record demonstrates that the Special Referee, as the trier of fact, considered the proof before him, as well as the credibility of the witnesses, and determined that the March 13, 2003 retainer agreement between plaintiff and her attorney in the underlying litigation, which included a 33¹/₃% contingency fee,

was binding and enforceable. The evidence presented at the hearing supported the Referee's decision and his rejection of plaintiff's claim that she revoked the original retainer agreement and that the parties agreed upon a reduced contingency fee (*see Brookman & Brookman P.C. v Joseph Fleischer Natural Coiffures, Inc.*, 13 AD3d 196 [2004]). Nor does the record support plaintiff's claim that no fee should have been awarded because her attorney failed to disclose a conflict of interest to her.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Renwick and DeGrasse, JJ.