■ SABOTAGE, INC., et al., Respondents, v JEAN TOUCH, INC., Appellant, et al., Defendant. [952 NYS2d 502]—

The Special Referee's implicit findings that the corporate plaintiff was wrongfully and prematurely terminated from its 13-month employment agreement with JTI are substantially supported by the record and there is no basis to disturb the Referee's credibility determinations (*see Bubul v Port Parties, Ltd.*, 83 AD3d 517 [1st Dept 2011]; *Cohen v Akabas & Cohen*, 71 AD3d 419 [1st Dept 2010]).

Although it appears that the Special Referee mistakenly suggested that the salary award is to compensate the corporate plaintiff for the first six months of work under the parties' employment agreement, the Referee clearly intended to compensate the corporate plaintiff for the salary to which it was entitled under the remaining portion of the contract as evidenced by the fact that the Referee offset the award by the amount plaintiffs earned in another's employ during that time.

Plaintiffs' summary sheets setting forth a synopsis of the client orders obtained and the alleged commissions earned were properly admitted into evidence. The unavailability of the original client orders was reasonably explained by testimony that they were in JTI's possession, and the individual plaintiff, who prepared the summary sheets daily, testified regarding his compilation of the summaries and was available for cross-examination (*see generally Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 643-644 [1994]).

JTI's argument that the corporate plaintiff was not entitled to commissions on either "house account" orders or new client orders absent an executed writing between the parties specifying such an understanding is unavailing. The parties' agreement specifically provided that the stated "account list" was "a work in progress" and although the agreement required an executed writing to alter the list, the parties' course-of-dealing, including testimony that JTI assigned house accounts to plaintiffs and paid commissions on those accounts, demonstrates that the parties waived this contractual requirement (*see gener-*

*ally RPI Professional Alternatives, Inc. v Citigroup Global Mkts. Inc.*, 61 AD3d 618, 619 [1st Dept 2009]).

The Referee properly admitted plaintiff's excerpted American Express bills into evidence. The individual plaintiff provided redacted copies of the bills to shield information regarding his personal expenditures for which he did not seek reimbursement.

We have considered JTI's remaining arguments and find them unavailing. Concur—Saxe, J.P., Sweeny, Richter, Abdus-Salaam and Román, JJ.