■ In the Matter of JEROME SILVERSTEIN, Respondent, v MAX GOODMAN, Respondent, and VIOLA GOODMAN, Appellant. PAUL R. SKLAR, Nonparty Respondent. [979 NYS2d 308]—

Respondent Viola Goodman's argument that Sklar's account should have been rejected because it lacked documentary support is unavailing. It is true that Sklar's April 2011 account was a mere spreadsheet, without back-up. However, Sklar submitted backup documentation in June and December 2011; thus, Goodman and her lawyer had ample time to review the documents before the March 2012 hearing before the Special Referee. Even now, Goodman does not point to any inaccuracy in Sklar's account.

Goodman's contention that Sklar's commission should be less than the statutory maximum of 5% of sums received and disbursed is moot because the Special Receiver awarded Sklar only 3.75% of the income of the receivership.

Goodman's argument that Sklar is not entitled to any commission because he delegated all of his duties to a managing agent (Mitchell Kaufman) and Lubelsky is unavailing. The Special Referee found that Sklar supervised Kaufman and performed services in addition to such supervision. "The deci-

sion of a fact-finding court should not be disturbed upon appeal unless it is obvious that its conclusions could not have been reached under any fair interpretation of the evidence, particularly where the findings of fact largely rest upon considerations relating to the credibility of witnesses" (*Cohen v Akabas & Cohen*, 71 AD3d 419, 420 [1st Dept 2010]). Here, as in *Cohen*, the Special Referee "considered the proof before him . . . [and] provid[ed] a detailed, well-reasoned explanation for his ruling" (*id.*). "There is, thus, no basis for setting aside his decision, which is supported by the evidence presented at the hearing" (*id.*; *see also Matter of Jakubowicz v A.C. Green Elec. Contrs., Inc.*, 25 AD3d 146, 150 [1st Dept 2005] ["Reimbursement for expenses, including the services of a managing agent, is recoverable"], *lv denied* 6 NY3d 706 [2006]).

As for Goodman's argument that Sklar delegated duties to Lubelsky, the Special Referee did not compensate Lubelsky for services that Sklar could have performed, such as telephone calls to contractors. Thus, Goodman is not being charged twice for the same work.

In sum, we uphold the Special Referee's award of commissions to Sklar (*see Chang v Zapson*, 67 AD3d 435, 436 [1st Dept 2009]). We also uphold the Special Referee's award of fees to Lubelsky (*see Brookman & Brookman P.C. v Joseph Fleischer Natural Coiffures, Inc.*, 13 AD3d 196, 197 [1st Dept 2004]; *David Realty & Funding, LLC v Second Ave. Realty Co.*, 26 AD3d 257, 258 [1st Dept 2006], *lv denied* 7 NY3d 705 [2006]). We have considered Goodman's objections to the fee award and find them unavailing. For example, we note that the Special Referee awarded only 60% of the hours that Lubelsky spent on Sklar's failed motion to sell the premises, that he did not award all of the other hours that Lubelsky requested, that he reduced the hours that he did award by 10% due to Lubelsky's block billing, and that he awarded no fees for the associate who did no legal work. Concur—Tom, J.P., Sweeny, DeGrasse, Gische and Clark, JJ.