Schultz v Sayada (2018 NY Slip Op 05247)





Schultz v Sayada


2018 NY Slip Op 05247


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

525493

[*1]HAROLD SCHULTZ, Appellant,
v
DAVIDE SAYADA, Respondent.

Calendar Date: June 4, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ.


The Crossmore Law Office, Ithaca (Edward Y. Crossmore of counsel), for appellant.
Sharon M. Sulimowicz, Ithaca, for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Supreme Court (Rumsey, J.), entered May 3, 2017 in Tompkins County, which, among other things, denied plaintiff's cross motion for an order directing the sale of the subject property.
The underlying facts are detailed in our prior decision in this matter (133 AD3d 1015 [2015]). Briefly, the parties purchased an apartment building in 2002. Their business relationship soured and this action ensued. Following joinder of issue and cross motions for summary judgment, Supreme Court determined that the parties had a joint venture that was repudiated and thereby dissolved as of December 31, 2003. Supreme Court further held that plaintiff was entitled to the value of his interest in the venture as of that date. Upon appeal, this Court affirmed (id. at 1016-1017).
Thereafter, Supreme Court conducted a nonjury trial to determine, among other things, the value of the property as of December 31, 2003 and the degree to which plaintiff was entitled to interest on the value of his share in the joint venture. Supreme Court rendered a decision in 2016 finding that the property value was $252,000 as of December 31, 2003 — leaving $57,076.44 to be divided between the parties after subtracting the sums then owed on a loan secured by a mortgage on the property — and designated "the interest rate [as] the [one] in effect on the adjustable-rate loan." The parties were unable to agree on how to accomplish the division, resulting in further motion practice. Supreme Court resolved that dispute in a 2017 order directing that plaintiff, upon receiving the sums due to him and proof that he was no longer [*2]personally liable on the mortgage loan, convey his interest in the property to defendant. Plaintiff now appeals from the 2017 order.
"In reviewing a nonjury trial verdict, 'this Court may independently review the evidence and, while deferring to the trial court's credibility assessments, grant the judgment warranted by the evidence'" (M & M Country Store, Inc. v Kelly, 159 AD3d 1102, 1103 [2018], quoting Shattuck v Laing, 124 AD3d 1016, 1017 [2015]; see Frontier Ins. Co. v Merritt & McKenzie, Inc., 159 AD3d 1156, 1159 [2018])[FN1]. Plaintiff takes issue with Supreme Court's findings with regard to the valuation of the property and the appropriate interest rate. Upon our independent review of the evidence, we perceive no reason to disturb either finding and affirm.
We first address plaintiff's attack upon Supreme Court's valuation of the property. Each party retained an appraiser to conduct a retrospective appraisal of the property, the appraisers testified at trial, and "we defer to the trial court's resolution of credibility issues" arising from this conflicting expert proof (Matter of Lowe's Home Ctrs., Inc. v Board of Assessment Review and/or Dept. of Assessment Review of Tompkins County, 106 AD3d 1306, 1307 [2013]; see Matter of Juan U. v State of New York, 149 AD3d 1300, 1302-1303 [2017]). Defendant's appraiser, David Fontana, prepared a thorough written appraisal and detailed how his application of the income capitalization and comparable sales methods both led to a property valuation of $252,000 as of December 31, 2003. Plaintiff's appraiser, Kenneth Gardner, used the income capitalization method to reach a valuation of $325,000 as of that date. Supreme Court found that Fontana's use of two methods increased the reliability of his valuation, as did the fact that his valuation closely tracked what the parties had actually paid to buy the property in 2002. In contrast, Supreme Court viewed Gardner's opinion with skepticism inasmuch as he failed to adequately explain why his proposed 2003 valuation of the property was so much higher than the purchase price paid by the parties a year earlier. Notwithstanding plaintiff's efforts to argue against that skepticism, our review of the record leads us to share it. Therefore, according appropriate deference to Supreme Court's decision to credit the opinion of Fontana, we perceive no reason to disturb its finding as to valuation (see Matter of Highbridge Dev. BR, LLC v Assessor of the Town of Niskayuna, 121 AD3d 1324, 1327-1328 [2014]; Matter of CNG Transmission Corp. [Green], 273 AD2d 726, 728 [2000]).
Next, plaintiff is entitled "to the value of his interest in the dissolved [joint venture] with interest" (Partnership Law § 73), and "the allowance of interest . . . [is] a matter for decision on equitable principles" (Cohen v Akabas & Cohen, 71 AD3d 419, 420 [2010]; see CPLR 5001 [a]; Shubert v Lawrence, 27 AD2d 292, 297 [1967]). "[I]nterest is not a penalty," and is instead "the cost of having the use of another person's money for a specified period" (Love v State of New York, 78 NY2d 540, 544 [1991]). Supreme Court observed that the interest rate paid on the mortgage loan was "a reliable indicator of the cost that defendant would have incurred to replace plaintiff's capital investment in the property." It further reflected the return that plaintiff could have expected had he made a secured loan to help purchase the property and, inasmuch as he bought the property with defendant but quickly left defendant to manage it alone, that is not far removed from what he did. We accordingly perceive no abuse of discretion in Supreme Court's [*3]decision to peg the allowance of interest to the adjustable interest rate on the mortgage loan (see Donati v Marinelli Constr. Corp., 247 AD2d 423, 425 [1998]).
Plaintiff's argument that certain proof should not have been admitted at trial, as well as his request that we take judicial notice of proof he failed to present at trial, have been considered and rejected.
McCarthy, J.P., Egan Jr., Lynch and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1:This appeal from the final order brings up for review the findings of fact contained in the 2016 decision (see CPLR 5501 [a] [1]; Matter of Venuti v Westchester County Bd. of Elections, 43 AD3d 482, 483 [2007], lv denied 9 NY3d 804 [2007]).