Kruglov v Citibank (2022 NY Slip Op 50511(U))

[*1]

Kruglov v Citibank

2022 NY Slip Op 50511(U) [75 Misc 3d 134(A)]

Decided on June 22, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 22, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570224/21

Dmitry Kruglov,
Petitioner-Appellant, 
against
Citibank, Bank of America, Respondents-Respondents.
Dmitry Kruglov, Petitioner-Appellant,  against
Toyota Motor
Credit Corporation, 
 TD Bank, Respondents-Respondents.

In two unconsolidated postjudgment enforcement proceedings, petitioner, as limited by his
briefs, appeals from 1) an order of the Civil Court of the City of New York, New York County
(Dakota D. Ramseur, J.), entered July 17, 2018, which dismissed the contempt proceeding
against respondent Citibank and directed respondents Bank of America and Toyota Motor Credit
Corporation ("Toyota") to submit supplemental responses to petitioner's information subpoenas;
2) an order (same court and Judge) entered March 21, 2019, insofar as it denied his motion to
renew and reargue the dismissal of the petition against Citibank; and 3) an order (same court and
Judge), entered September 20, 2019, which, after a finding of contempt, limited petitioner's
award of fines to $613.45 against Toyota Motor Credit Corporation inclusive of costs, and $500
plus costs against Bank of America.

Per Curiam.
Orders (Dakota D. Ramseur, J.), entered July 17, 2018 and September 20, 2019, affirmed,
without costs. Appeal from order (Dakota D. Ramseur, J.), entered March 21, 2019, dismissed,
without costs, as nonappealable.
Considering the facts and circumstances of each particular application (see Matter of
Storm, 28 AD2d 290, 292 [1967]), Civil Court properly exercised its discretion in either
granting in part or denying petitioner's various applications to punish respondents for contempt
based [*2]upon their alleged failure to comply with information
subpoenas. With respect to respondent Citibank, petitioner failed to demonstrate with clear and
convincing evidence that Citibank refused or willfully neglected to obey the subpoenas (see
CPLR 5251; Gray v Giarrizzo, 47 AD3d 765, 766 [2008]). To the contrary, Citibank
complied with the subpoena addressed to it by providing, inter alia, information concerning the
judgment debtor's Wells Fargo Bank account.
With respect to the contempt findings against respondents Bank of America and Toyota,
which are not challenged herein, the court did not improvidently exercise its discretion in fixing
the appropriate remedy by imposing fines. Upon granting a civil contempt motion, "the fixing of
the appropriate remedy . . . is addressed to the sound discretion of the motion court" (Collins
v Telcoa Intl. Corp., 86 AD3d 549, 550 [2011] [citations omitted]). Here, in view of Bank of
America and Toyota's eventual compliance with the respective subpoenas, the fines imposed
were sufficient to vindicate the authority of the court's mandate (see People v
Williamson, 136 AD2d 497 [1988]).
We further agree that restraining notices served upon Bank of America were ineffective, as
petitioner did not show that Bank of America, which issued credit cards to the judgment debtor,
maintained any assets belonging to the judgment debtor that were subject to attachment or
execution, or that petitioner was entitled to demand that the bank intercept the judgment debtor's
electronic credit card payments for petitioner's benefit (see e.g. Shipping Corp. of India Ltd. v
Jahdi Overseas PTE Ltd., 585 F3d 59 [2d Cir 2009], cert denied 559 US 1030
[2010]; UCC § 4-A-503). Even assuming the restraining notices were enforceable,
petitioner failed to establish that Bank of America's action or inaction prevented him from
satisfying the two Small Claims judgments (see generally Nielsen Media Research v Carlton
Hotel, 5 AD3d 139 [2004]; see also Taveras v General Trading Co., Inc., 73 AD3d
659, 660 [2010]).
We have examined petitioner's remaining contentions and find them unpersuasive.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 22, 2022