Good Gateway, LLC v Thakkar (2023 NY Slip Op 05364)

Good Gateway, LLC v Thakkar

2023 NY Slip Op 05364

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Kern, J.P., Singh, Gesmer, Scarpulla, O'Neill Levy, JJ. 

Index No. 160660/16 Appeal No. 901 Case No. 2023-02617 

[*1]Good Gateway, LLC et al., Plaintiffs-Respondents,
v
Rohan Thakkar et al., Defendants-Appellants.

John A. Coleman, Jr., P.C., New York (John A. Coleman, Jr. of counsel), for appellants.
Armstrong Teasdale LLP, New York (Thomas V. Juneau, Jr. of counsel), for Jeffrey A. Wurst, as temporary receiver, nonparty respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about December 12, 2022, which, to the extent appealed from as limited by the briefs, granted the temporary receiver's motion to renew his prior motion to approve a sale of the subject condominium, and, upon renewal, modified the order appointing a temporary receiver to include defendants and any interest they might have in the condominium, granted a preliminary injunction enjoining defendant Shops At New Hope, LLC from transferring its purported interest in the condominium or from interfering with the sale of the condominium by the temporary receiver, and approved the sale of the condominium upon the terms and conditions set forth in the contract of sale, unanimously affirmed, with costs.
Supreme Court retained jurisdiction to enforce the judgments that were entered in this consolidated action (see e.g. Citibank, N.A. v Angst, Inc., 61 AD3d 484, 485-486 [1st Dept 2009], lv dismissed 13 NY3d 753 [2009]), and, as a matter of discretion, the court was permitted to appoint a receiver in aid of enforcing the judgments (CPLR 5228(a); see e.g. Hotel 71 Mezz Lender LLC v Falor, 14 NY3d 303, 317 [2010]). Indeed, the court issued multiple orders confirming the appointment of a temporary receiver and vesting the receiver with the power to sell the condominium, which defendants have not appealed.
Supreme Court also properly approved the sale of the condominium on the temporary receiver's renewal motion. The Court could not have approved of the sale of the condominium in 2021 after the individual defendants had surreptitiously transferred their interests in the condominium to their wholly owned entity, defendant Shops. On renewal, plaintiffs provided the court with more information and had separately moved for summary judgment on their fraudulent transfer claims against defendants under Debtor and Creditor Law §§ 273-a (repealed by L 2019, ch 580, § 2) and 276. While the court did not separately issue an order on that summary judgment motion, the individual defendants' transfer of their interests in the condominium to Shops clearly meets the criteria of a fraudulent transfer. Defendants do not even attempt to argue that the transfers made by defendants Chittranjan Thakkar and Rohan Thakkar to Shops were not fraudulent transfers. Nor do they argue that the purported transfer of defendant Solani Thakkar's interest in the condominium did not meet the so-called "badges of fraud," giving rise to an inference of her fraudulent intent (see e.g. Ray v Ray, 108 AD3d 449, 451 [1st Dept 2013]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023