Fuks v Rakia Assocs. (2024 NY Slip Op 03327)

Fuks v Rakia Assocs.

2024 NY Slip Op 03327

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 122768/96 Appeal No. 2516-2517-2518-2519 Case No. 2023-02618, 2023-02621, 2023-06798, 2024-00643 

[*1]Mali Fuks, Individually and on Behalf of R&L Realty Assocs., etc., Respondent,
v
Rakia Assocs., et al., Appellants, Lancaster Studio Associates, et al., Defendants.

The Law Firm of Guy S. Halperin, PLLC, New York (Guy S. Halperin of counsel), for appellants.
Catafago Fini, LLP, New York (Jacques Catafago of counsel), for respondent.

Amended judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered July 5, 2023, inter alia, confirming a Referee's report and recommendation, as modified by order, same court and Justice, entered April 11, 2023, which denied in part defendants' motion to confirm and reject portions of a Referee's report and recommendation and granted in part plaintiff Fuks' motion to confirm the recommendation and report, and order, same court and Justice, entered May 11, 2023, which, insofar as appealed from as limited by the briefs, dismissed defendant Ruth Shomron's eighth counterclaim for failure to prove damages, unanimously affirmed, with costs. Appeals from aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the amended judgment. Order, same court and Justice, entered on or about October 4, 2023, which, insofar as appealed from, awarded Shomron $176,445.10 of the $352,890.20 she sought for attorneys' fees, unanimously affirmed, with costs.
Contrary to defendants' contention, the Referee's report and recommendation was not governed by CPLR 4213. A reference to report and recommend is not subject to that rule under CPLR 4319 (see John Hancock Mut. Life Ins. Co. v 491-499 Seventh Ave. Assoc., 169 Misc 2d 493, 498 [Sup Ct, NY County 1996]). Moreover, both the court's decision and the Referee's report met the standard (see generally Marks v Macchiarola, 250 AD2d 499, 499 [1st Dept 1998]).
The court properly found, upon an inquest, that defendants had failed to prove the amount of various loans to third parties. Defendants were unprepared for the inquest, and the court's attempts to guide the admission of evidence were within its broad discretion to manage the hearing (see Messinger v Mount Sinai Med. Ctr., 15 AD3d 189, 189 [1st Dept 2005]).
The court also properly confirmed the $375,000 damages award to plaintiff for defendant Shomron's breach of fiduciary duty. While there was little direct evidence of the amount of damages, there is no question that Shomron's breaches caused plaintiff injury. This, along with the other evidence in the record of damages caused by Shomron, was sufficient, given the special nature of fiduciary duty claims and the lenient standard for proof of damages in such cases (see Gibbs v Breed, Abbott & Morgan, 271 AD2d 180, 188-189 [1st Dept 2000]).
The court also properly confirmed the Referee's dismissal of Shomron's statute of limitations defense. The breaches of fiduciary duty here all sounded in fraud and thus, the proper limitations period was six years or two years from discovery (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009]).
The court properly dismissed the claims for repayment of certain amounts to former partners Goldstein and Simon. The Referee found that many of the alleged repayments to them were unsupported by the evidence. The amount of any repayments or balances was not established. Thus, the repayment claim was properly dismissed.
The court [*2]properly exercised its discretion in awarding less in attorneys' fees than Shomron sought. Her counsel engaged in block billing, making it impossible to discern the reasonableness of the fees. Moreover, counsel did not differentiate the fees for the constructive trust claim, which was the claim upon which Shomron was entitled to fees (see Matter of Silverstein v Goodman, 113 AD3d 539, 540 [1st Dept 2014]).
Furthermore, the court properly confirmed dismissal of Shomron's counterclaim for abuse of process. All that is alleged is that Fuks commenced an action against the arbitrator in the parties' related arbitration, by summons with notice. Mere issuance of process is not sufficient to state a claim for abuse of process (see I.G. Second Generation Partners, L.P. v Duane Reade, 17 AD3d 206, 207 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024