■ SEMPRA ENERGY TRADING CORP., Respondent, v PG&E TEXAS VGM, L.P., Appellant, et al., Defendant. [728 NYS2d 16] —Judgment, Supreme Court, New York County (Richard Williamson, Spec. Ref.), entered August 21, 2000, awarding plaintiff the total sum of $357,496.95, unanimously affirmed, with costs.

In January 1996, plaintiff and defendant PG&E Texas VGM, L.P. (PG&E) entered into two separate contracts, each requiring PG&E to deliver 5,000 MMBtu's of natural gas per day in February of 1996 to plaintiff at a pipeline run by Peoples Gas, Light and Coke Co. On January 24, 1996, plaintiff and PG&E orally entered into a third contract whereby PG&E would deliver an additional 10,000 MMBtu's of gas per day in February. The third contract was confirmed in writing on January 29, 1996. The price per MMBtu of gas was $2.645 for each of the three contracts.

Between February 1 and 8, 1996, a period during which the price of natural gas rose dramatically, PG&E only delivered a total of 15,000 MMBtu's per day and, when informed by plaintiff that it had breached the contract, PG&E maintained that the third contract called for a delivery of only 5,000 MMBtu's, but that starting February 9, 1996, it would deliver 20,000 MMBtu's per day. In March 1996, PG&E submitted a bill to plaintiff for $2,867,021.95 for the delivery of gas in February 1996, of which amount plaintiff, exercising its contractual right of setoff in the amount of $700,000, paid $2,167,021.95. Plaintiff subsequently commenced a breach of contract action

seeking damages and a declaration that the third contract required PG&E to deliver 10,000 MMBtu's per day.

The motion court granted plaintiff summary judgment on the issue of liability and this Court affirmed (*AIG Trading Corp. v Valero Gas Mktg.*, 254 AD2d 117). The matter, pursuant to the parties' stipulation, was then referred to a Special Referee for a determination of damages and attorneys' fees. Following a two-day trial, the Referee held that because of PG&E's failure to deliver the agreed upon amount of gas between February 1 and 8, 1996, plaintiff was entitled to damages in the amount of $654,325 and attorneys' fees of $400,000. The $700,000 that the plaintiff had previously set off was then subtracted from the damages and attorneys' fees to which plaintiff had established an entitlement.

The award of damages, representing the difference between the average daily market price of natural gas and the contract price multiplied by the 5,000 MMBtu's that PG&E failed to deliver, was both commercially reasonable and in accord with the specific provisions of the parties' contract governing the computation of damages. Each of the eight days during which PG&E failed to deliver the entire 20,000 MMBtu's was properly treated separately since otherwise plaintiff would not have been placed "in as good a position as it would have been [in] had the contract been performed" (*Brushton-Moira Cent. School Dist. v Thomas Assocs.*, 91 NY2d 256, 261).

An award of attorneys' fees was proper since the parties expressly provided in their contract that, in the event of a default, the defaulting party would be responsible for costs and expenses, including attorneys' fees, incurred by the performing party as a result of the default (*see, Matter of A. G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5). The award made was not excessive in view of the circumstance that the action had been vigorously litigated for several years, having during that time been the subject of extensive motion practice and two appeals.

We have considered appellant's remaining contentions and find them unavailing. Concur—Sullivan, P. J., Ellerin, Wallach, Rubin and Buckley, JJ.