■ DAVID REALTY AND FUNDING, LLC, Appellant, v SECOND AVENUE REALTY Co. et al., Appellants, et al., Defendants. JAY G. SEIDEN, Nonparty Respondent. [809 NYS2d 81]—

Order and judgment (one paper), Supreme Court, New York

County (Emily Jane Goodman, J.), entered May 20, 2005, which, in large part, granted respondent receiver's motion to confirm a Special Referee's report fixing the receiver's reasonable attorneys' fee, and awarded the receiver an attorneys' fee of $133,555, unanimously affirmed, without costs.

The Special Referee's findings, with the court's minor revisions, are substantially supported by the record (*see Vastwin Invs. v Aquarius Media Corp.*, 295 AD2d 216, 217 [2002], *appeal dismissed* 99 NY2d 637 [2003]). The Special Referee and the court properly employed their own knowledge, expertise and experience in determining the reasonableness of the fee (*see Schoenau v Lek*, 283 AD2d 200 [2001]), and properly explained their elimination of certain hours billed (*see Holskin v 22 Prince St. Assoc.*, 178 AD2d 347, 348 [1991]). Our recent decision in *Matter of Jakubowicz v A.C. Green Elec. Contrs., Inc.* (25 AD3d 146 [2005]), limiting an hourly rate to $250 (*see id.* at 152), is distinguishable. While that case involved the same attorney who here seeks a fee on behalf of his firm, he was there acting as the receiver, not as an attorney, and the rate of the attorney he had engaged was reduced where the fee was largely generated by out-of-court work, not appearances at a prolonged hearing. Concur—Tom, J.P., Andrias, Nardelli and Malone, JJ.