OPINION OF THE COURT
Lee L. Holzman, J.
In this proceeding commenced by the petitioner, the decedent’s father, to recover funds that were distributed from this estate, a trial was scheduled for November 18, 2008, without prejudice to *289 the right of the petitioner, who resides in India, to make a formal application for him to testify without traveling to the United States (see Estate of Singh, NYLJ, May 19, 2008, at 30, col 2).
The petitioner now moves, pursuant to CPLR 3101 (a), for an order directing that his deposition and those of other witnesses who also reside in India be conducted by telephone or video conference and, pursuant to CPLR 3117 (a) (3), for authorization to use said depositions at trial in lieu of the appearance of the petitioner and those other witnesses. In support, the petitioner contends that his appearance and the appearance of those other witnesses in the Bronx would cause substantial hardship due to their health, and, in any event, is impossible because the United States Embassy, in New Delhi, India, will not issue visas permitting them to enter the United States. Annexed to the petition are vouchers for visa application filing fees paid to the Embassy and copies of those individuals’ passports. Also submitted is an affidavit by a New Delhi attorney stating that: (1) the petitioner is 78 years of age and in frail health; (2) the petitioner and the witnesses made attempts in 2002, 2003 and December 2007 to obtain visas to travel to the United States for this proceeding for which they incurred nonrefundable application fees; and (3) their visa applications were denied. Specifically, the petitioner opines that after the events of September 11, 2001 it became impossible for him to obtain a visa, and that his December 2007 attempt was unsuccessful notwithstanding his presentation to the Embassy of this court’s order entered August 9, 2007, directing that he and two other witnesses appear in person before the court to give testimony.
In opposition, counsel for the respondent, the decedent’s cousin, submits an affirmation alleging that the exhibits annexed to the petitioner’s motion appear to be spurious. Although he submitted a Freedom of Information Law request to the Embassy to verify that visa applications were filed, counsel notes that the Embassy never responded to his request. In the event that the court grants this application, the respondent requests that the depositions be conducted before a consular agent with an interpreter acceptable to him and his own Indian counsel.
CPLR 3113 (d) provides that the parties “may stipulate” to conduct a deposition by electronic means. Consequently, a party’s unilateral request to conduct a deposition by electronic means will be denied where it is merely for the convenience of that party and the movant fails to show that it would be an *290 “undue hardship” for the deposition to be conducted in the venue where the proceeding is pending (see LaRusso v Brookstone, Inc., 52 AD3d 576 [2008]). However, where it would create an undue hardship or it is not feasible as a practical matter to conduct the deposition in the venue where the proceeding is pending, the court may exercise its discretion to order that the deposition be conducted by electronic means notwithstanding that one of the parties refuses to so stipulate (see Rogovin v Rogovin, 3 AD3d 352 [2004]; Kirama v New York Hosp., 13 Misc 3d 1246[A], 2006 NY Slip Op 52356[U] [2006]; Kozak v Marshall, 9 Misc 3d 1114[A], 2005 NY Slip Op 51540[U] [2005]). Thus, CPLR 3113 (d) has been interpreted to provide that although one party cannot insist upon conducting a deposition by electronic means without a court order, its provisions do not circumscribe the discretion of the court to order a deposition by such means in the interest of justice where to rule otherwise would create an undue hardship upon the party to be deposed.
Here, putting aside the issue of whether the petitioner’s health might preclude his traveling to this jurisdiction to be deposed, he is in no way responsible for this country’s more restrictive travel policies arising from the events of September 11, 2001. Furthermore, although the respondent indicates that he is not satisfied as to the genuineness of the documents presented to establish that visas to travel to the United States could not be obtained by the petitioner and the other witnesses in 2002, 2003 and 2007, the respondent fails to indicate the type of documents that he would find satisfactory. Moreover, the respondent concedes that the Embassy has failed to respond to his attempt to verify that visa applications were made. The petitioner should not be barred from seeking relief in this jurisdiction because our government prevents his entry into this country for reasons which might be prudent but are unrelated to the conduct of the petitioner.
Accordingly, for the reasons stated above, the court, in the exercise of its discretion, finds that it would create an undue hardship to preclude the petitioner from pursuing his claim because he cannot obtain a visa to travel to this country. Consequently, the court grants his application that the requested depositions be conducted by video conference and that said depositions may be used at trial. However, the court also holds the respondent is entitled to have the deposition conducted before a consular agent with an interpreter acceptable to him. Lastly, it is now evident that the parties will not be able to proceed to *291 trial on November 18, 2008 and that an adjournment trial date must be fixed. Consequently, after consultation by and between the parties, the order to be settled hereon shall provide: (1) for the date, time and place of the depositions in India, with the witnesses to be sworn in by a consular agent; (2) the parties shall agree upon an interpreter that is satisfactory to both of them; (3) any person that any party requests, including Indian counsel, may be present at the depositions, but questions shall only be posed by counsel admitted to practice in this jurisdiction and no witness shall be questioned by more than one attorney on behalf of any party; (4) the petitioner is to pay for all of the expenses in connection with the video conference; (5) if the parties so desire, there may be a provision that the court or a court attorney-referee shall be available to make rulings; and (6) the parties shall be directed to select a conference date within four weeks of the completion of the depositions, when a date certain for trial will be selected.