Cite as: 560 U. S. ____ (2010)          1

Statement of SOTOMAYOR, J.

# SUPREME COURT OF THE UNITED STATES

## JUWANNA WROTTEN *v.* NEW YORK

ON PETITION FOR WRIT OF CERTIORARI TO THE COURT OF
APPEALS OF NEW YORK

No. 09–9634.   Decided June 7, 2010

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR respecting the denial of the petition for writ of certiorari.

This case presents the question whether petitioner's rights under the Confrontation Clause of the Sixth Amendment, as applied to the States through the Fourteenth Amendment, were violated when the State introduced testimony at his trial via a two-way video that enabled the testifying witness to see and respond to those in the courtroom, and vice versa. The question is an important one, and it is not obviously answered by *Maryland* v. *Craig*, 497 U. S. 836 (1990). We recognized in that case that "a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial," but "only where denial of such confrontation is necessary to further an important public policy." *Id.*, at 850. In so holding, we emphasized that "[t]he requisite finding of necessity must of course be a case-specific one." *Id.*, at 855. Because the use of video testimony in this case arose in a strikingly different context than in *Craig*, it is not clear that the latter is controlling.

The instant petition, however, reaches us in an interlocutory posture. The New York Court of Appeals remanded to the Appellate Division for further review, including of factual questions relevant to the issue of necessity. 14 N. Y. 3d 33, 40, 923 N. E. 2d 1099, 1103 (2009). Granting the petition for certiorari at this time would require us to resolve the threshold question whether the Court of Appeals' decision constitutes a

"[f]inal judgmen[t]" under 28 U. S. C. §1257(a). Moreover, even if we found the judgment final, in reviewing the case at this stage we would not have the benefit of the state courts' full consideration.

In light of the procedural difficulties that arise from the interlocutory posture, I agree with the Court's decision to deny the petition for certiorari. But following the example of some of my colleagues, "I think it appropriate to emphasize that the Court's action does not constitute a ruling on the merits and certainly does not represent an expression of any opinion concerning" the importance of the question presented. *Moreland* v. *Federal Bureau of Prisons*, 547 U. S. 1106, 1107 (2006) (STEVENS, J., statement respecting denial of certiorari).