[907 NYS2d 648]

In the Matter of the Estate of JOHANNA SMITH, Deceased.

Surrogate's Court, Bronx County, September 20, 2010

**APPEARANCES OF COUNSEL**

*Peter G. Gray* for Beverly Ann Smith, proponent. *Joseph A. Altman* for Barbara Smith. *Larry Sheehan* for Elvira Smith.

## OPINION OF THE COURT

LEE L. HOLZMAN, J.

In this proceeding to probate a testamentary instrument dated March 16, 2006, the proponent, a daughter of the decedent who is the sole beneficiary and nominated executrix under the instrument, moves for an order dispensing with the SCPA 1404 testimony of a witness who resides in Florida. The decedent's distributees are the proponent and two other daughters, one of whom is under a disability. One of the respondent daughters, Barbara Smith, opposes the motion. She also settled an order directing that the deposition be taken by video conference in Florida and that the proponent pay for the deposition. The guardian ad litem for the daughter under a disability also opposes the motion.

The proponent's counsel, who is the attorney-drafter of the instrument and one of the two attesting witnesses, was deposed pursuant to SCPA 1404. The only other witness to the will, a former employee of the proponent's counsel, resides in Florida. Although for reasons unknown to the proponent's counsel this witness has refused to cooperate with him, she told an investigator hired by the proponent that she would consent to being deposed in Florida via a video conference.

The proponent originally argued that because one witness was already deposed and the other witness signed a "self-proving affidavit," there is sufficient evidence to admit the will to probate and, therefore, a commission is unnecessary. Nonetheless, the proponent asserts that a commission is acceptable provided that Barbara Smith arranges the deposition and pays all costs. The proponent contends that the estate has a modest value and it would be a hardship for the estate to pay for the deposition because the only estate asset is a parcel of real property. The proponent also requests that the branch of her motion seeking to dispense with the witness' testimony be granted in the event that the deposition is not conducted within 90 days of the order directing the commission.

Barbara Smith asserts that the testimony by the second witness is important to clarify issues surrounding the execution of the will. She further argues that the real property can be sold to pay for the deposition.

As the testimony of the Florida witness may be obtained "with reasonable diligence," SCPA 1405 (2) mandates that Barbara Smith's request to require the testimony of this wit-

ness by commission be granted. None of the parties cited any authority on the issue of which party should pay for the commission. SCPA 1404 (5) was enacted in 1999 because, prior thereto, the cases were inconsistent on the issue of whether the costs were to be paid by the proponent for at least two attesting witnesses under all circumstances or by the party demanding the deposition under certain circumstances (*see* Assembly Mem in Support, Bill Jacket, L 1999, ch 460, at 3-4, 1999 McKinney's Session Laws of NY, at 1871-1873). SCPA 1404 (5) (a) (1) adopted a middle position by providing that "[u]nless the court directs otherwise for good cause shown," the testator's estate shall pay the cost of the examination of (1) the first two attesting witnesses within the state or (2) if there is no competent witness within the state, "the witness without the state who resides closest to the county in which the probate proceedings are pending." SCPA 1404 (5) (a) provides that "[t]he costs of all other examinations . . . shall be governed by article 31 of the civil practice law and rules."

Here, as the proponent produced one competent witness who resides in the state, the cost of the examination of the Florida witness, in the absence of good cause shown, is governed by CPLR 3116 (d), which provides that "the party taking the deposition shall bear the expense thereof." As the proponent paid a private investigator to attempt to have the second witness testify, it does not appear that the proponent's counsel is in any way involved in the inability to obtain the testimony of the second witness to date. Furthermore, Barbara Smith failed to present "good cause" to deviate from the rule that the party seeking the deposition pays for it. In the event that Barbara Smith finds it more economical to conduct the deposition by video conference than to travel to Florida, there does not appear to be any reason why that request should not be granted (*see Matter of Singh*, 22 Misc 3d 288 [2008]; *see also Rogovin v Rogovin*, 3 AD3d 352 [2004]).

Accordingly, this decision constitutes the order of the court denying the motion to dispense with the testimony of the Florida witness, and directing Barbara Smith to pay for the cost and to arrange to take the testimony of the Florida witness. Barbara Smith shall have the option of either conducting the deposition by video conference or in person in Florida. The court notes that "[u]nless otherwise stipulated to by the parties, the officer administering the oath shall be physically present at the place of the deposition." (CPLR 3113 [d].) In the event that Barbara

Smith fails to arrange for the deposition within 90 days of the date of this decision and order, the proponent may renew her motion to dispense with the testimony of the Florida attesting witness.