■ AMERICAN BANK NOTE CORPORATION et al., Appellants, v HERNAN DANIEL DANIELE et al., Respondents. [916 NYS2d 112]—

Order, Supreme Court, New York County (Steven E. Lieb-man, Special Ref.), entered July 1, 2009, which, in an action for breach of fiduciary duty, granted defendants' motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs.

The Special Referee properly dismissed the complaint on the ground that plaintiffs failed to meet their burden of showing the existence of long-arm jurisdiction (CPLR 302 [a]) over defendants, citizens and residents of Argentina (*see Stewart v Volkswagen of Am.*, 81 NY2d 203, 207 [1993]). There is no evidence that any of the allegedly diverted funds were deposited into any bank account in New York in which defendants had an interest. Rather, it appears that the deposits were all made in Argentine branches of New York banks (*see generally Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]; *cf. Pramer S.C.A. v Abaplus Intl. Corp.*, 76 AD3d 89, 96 [2010]). Further, the bank records in the record on appeal strongly tend to refute that deposits into the accounts in question were the product of a fraudulent scheme.

Finally, there was no error in permitting defendants to testify at the hearing by means of a live video conference link from Argentina. First, the court quashed the subpoena plaintiffs had originally served on defendants and plaintiffs did not challenge this ruling on appeal. Thus, defendants' appearance via video conference was voluntary. Further, plaintiffs fully participated in that hearing.

Pursuant to CPLR 3103 (a), the court may regulate "any disclosure device" in order to "prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice." The decision to allow a party or witness to testify via video conference link is left to a trial court's discretion (*People v Wrotten*, 14 NY3d 33, 37-38 [2009], *cert denied* 560 US —, 130 S Ct 2520 [2010]).

Here, defendant Daniele had not made travel arrangements to come to the United States. There was also a question of whether he could lawfully leave Argentina because of charges

plaintiffs filed against him in that country. Thus, coming to New York to testify was "not feasible as a practical matter" (*Matter of Singh*, 22 Misc 3d 288, 290 [Sur Ct, Bronx County 2008]), and would have resulted in hardship (*Rogovin v Rogovin*, 3 AD3d 352, 353 [2004]). Accordingly it was proper to allow defendants to testify from Argentina via video conferencing.

We have considered plaintiffs' other arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Moskowitz, Acosta and Freedman, JJ.