■ RICHARD B. SACHS, Respondent, v KATAYONE ADELI, Appellant, et al., Defendants. 994 NYS2d 333]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered June 10, 2013, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion to confirm the special referee's report recommending an award of attorneys' fees to plaintiff from defendant Katayone Adeli in the amount of $838,874, unanimously affirmed, with costs.

Although it appears that the referee engaged in a deliberative process by directing that one attorney from California appear in person to testify at an attorney's fees hearing, but permitting two other attorneys to testify by videoconference, the referee erred by not articulating on the record the basis for such an exercise of his discretion (*see e.g. American Bank Note Corp. v Daniele*, 81 AD3d 500 [1st Dept 2011]). However, in light of defendant's failure to demonstrate prejudice to any substantial right, we find the error harmless (*see* CPLR 2002).

The special referee's recommendation as to the award of attorneys' fees has substantial support in the hearing record (*see David Realty & Funding, LLC v Second Ave. Realty Co.*, 26 AD3d 257 [1st Dept 2006], *lv denied* 7 NY3d 705 [2006]). The fees are reasonable in view of the attorneys' experience, expertise, and educational background, the applicable billing rates in the New York and California legal communities, and, most significantly, defendant's vigorous litigation over a seven-year period, as well as her decision to improperly transfer her assets immediately before filing for bankruptcy (*see e.g. Sempra Energy Trading Corp. v PG&E Tex. VGM*, 284 AD2d 253 [1st

Dept 2001]). Defendant's contention that the New York firm duplicated legal work performed by the California attorneys is not borne out by the record. In any event, it is undisputed that the New York firm discounted its legal fees by 65% in light of defendant's bankruptcy. Contrary to defendant's contention, Supreme Court's finding that the total of attorneys' fees claimed by all counsel was reasonable was not based solely on a misconception that all the attorneys discounted their fees by 65%. The California attorney whose hourly rate increased upon changing law firms remained plaintiff's primary counsel on the bankruptcy matter and secured a favorable result for him in the Ninth Circuit; defendant does not challenge either his evident competence or the reasonableness of his hourly rate compared to hourly rates charged within the applicable legal community. Concur—Friedman, J.P., Feinman, Gische and Kapnick, JJ.