■ Arthur Batsidis, Appellant, v Wallack Management Company, Inc., et al., Respondents. [7 NYS3d 26]—

Judgment, Supreme Court, New York County (Paul Wooten, J.), entered January 21, 2014, awarding defendants $136,365.86 in legal fees and disbursements, and bringing up for review an order, same court and Justice, entered October 29, 2010, which denied plaintiff's motion to amend the complaint, an order, same court and Justice, entered May 21, 2013, which, among other things, granted defendants' motion for summary judgment, and an order, same court (Jeremy R. Feinberg, Special Referee), entered on or about December 10, 2013, which determined the amount of legal fees to be awarded to defendants, unanimously modified, on the law, to delete the award of fees for time spent preparing for the attorney's fee hearing, and to reduce the attorney's fee award accordingly, and otherwise affirmed, without costs.

Plaintiff's motion to amend the complaint to add a cause of action for breach of contract was properly denied, since the proposed cause of action lacks merit (*see 360 W. 11th LLC v ACG Credit Co. II, LLC*, 90 AD3d 552, 553 [1st Dept 2011]). Pursuant to paragraph 4 of the parties' alteration agreement, plaintiff released defendants from "any liability for claims [he] may now or hereafter have against the [defendants] for interruption, suspension or delays of the performance of the work." Contrary to plaintiff's assertion, this Court has already held that the parties' subsequent "so-ordered stipulation neither superseded the parties' obligations under the alteration agreement nor waived their rights" (*Batsidis v Wallack Mgt. Co., Inc.*, 65 AD3d 332, 337 [1st Dept 2009]). Accordingly, the proposed cause of action is barred by the release.

We have considered plaintiff's legal argument, raised for the first time on appeal (*see Facie Libre Assoc. I, LLC v SecondMarket Holdings, Inc.*, 103 AD3d 565 [1st Dept 2013], *lv denied* 21 NY3d 866 [2013]), that his proposed cause of action is for "gross negligence and intentional tort" rather than breach of contract and find that he cannot establish this tort-based cause of action because he has failed to identify a legal duty independent of defendants' contractual obligations (*see Assured Guar. [UK] Ltd. v J.P. Morgan Inv. Mgt. Inc.*, 80 AD3d 293, 306 [1st Dept 2010], *affd* 18 NY3d 341 [2011]).

Defendants' motion for summary judgment was properly granted. Plaintiff does not deny that during the renovation work, his workers cut into a structural column, which was outside the scope of work permitted by the alteration agreement. Rather, plaintiff argues that his alleged breach of the alteration agreement was "superficial" and "de minimis," and that section 30 of the alteration agreement, which gives defendants the right to suspend work upon plaintiff's breach of that agreement, was "not intended to apply to such de minimis violations." The explicit terms of the alteration agreement do not support plaintiff's contention that something more than a "de minimis" breach of the agreement is required to trigger defendants' right to stop work. Moreover, plaintiff does not allege that the agreement is ambiguous, incomplete or unclear.

The cause of action for discrimination was properly dismissed. Plaintiff's conclusory allegations of discriminatory treatment are not supported by sufficient evidence.

Finally, the parties' agreement does not support plaintiff's argument that defendants are only entitled to fees up to the date of the so-ordered stipulation. This Court has already construed the applicable cost-shifting provision and found it to

be "proper, clear, unambiguous and enforceable as written" (65 AD3d at 333). We found that "the so-ordered stipulation neither superseded the parties' obligations under the alteration agreement nor waived their rights" (*id.* at 337). However, the court below erred in awarding defendants $17,275 in fees on fees (*see Sage Realty Corp. v Proskauer Rose*, 288 AD2d 14, 15 [1st Dept 2001], *lv denied* 97 NY2d 608 [2002] ["(A)n award of fees on fees must be based on a statute or on an agreement"]). The alteration agreement does not contain unambiguous language providing for the recovery of fees on fees. Because it is not "unmistakably clear" from the parties' agreement that fees on fees were contemplated, such an award is not allowed (*see 546-552 W. 146th St. LLC v Arfa*, 99 AD3d 117, 122 [1st Dept 2012] [internal quotation marks omitted]). We reject the theory that an award of fees on fees is necessitated by our earlier holding that the alteration agreement was intended to protect defendant co-op and its shareholders from expenses relating to plaintiff's work (*see Batsidis*, 65 AD3d at 336). If the parties had intended for the alteration agreement to cover defendants' attorney's fees for time spent preparing for the fee hearing, they were free to put that in the agreement. Concur—Friedman, J.P., Andrias, Moskowitz, DeGrasse and Richter, JJ.