**Money Ground, Inc. v Eldridge St. Block Assn.**

2025 NY Slip Op 31142(U)

April 7, 2025

Supreme Court, New York County

Docket Number: Index No. 157396/2022

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. JOHN J. KELLEY                    PART                    56M

*Justice*

------------------------------------------------------------------------------X

MONEY GROUND, INC., doing business as VICTORIA,        INDEX NO.        157396/2022

Plaintiff,                                             MOTION DATE      01/16/2025

- v -                                                  MOTION SEQ. NO.      002

ELDRIDGE STREET BLOCK ASSOCIATION, ROBERT
CROZIER, MARGARET CHO, MERAL BOZKURT, PABLO            **DECISION + ORDER ON**
GARCIA, ADRIAN ABEY GINES, and ROBERT WEIGAND,              **MOTION**

Defendants.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 57, 58, 59, 60, 61,
62, 63, 64

were read on this motion to/for        CONFIRM/DISAPPROVE AWARD/REPORT        .


This is an action to recover damages for abuse of process, commercial disparagement,

and tortious interference with contracts, in which the court, in an order dated May 10, 2023, and

entered May 16, 2023, had granted the defendants' motion pursuant to CPLR 3212(h) for

summary judgment dismissing the complaint on the ground that the action constituted a

strategic lawsuit against public participation (SLAPP) and, thus, was barred by New York's anti-

SLAPP statutes, which are codified at Civil Rights Law §§ 70-a and 76-a (*see Money Ground,*

*Inc. v Eldridge St. Block Assn.*, 2023 NY Slip Op 31583[U], 2023 NY Misc LEXIS 2348 [Sup Ct,

N.Y. County, May 10, 2023] [Kelley, J.]).  In that order, the court awarded the defendants their

attorneys' fees and disbursements pursuant to Civil Rights Law § 70-a(1)(a), and referred the

matter to a referee to hear and report on the appropriate amount of fees and disbursements that

should be awarded.  The matter was heard by Special Referee Harold E. Bahr III on March 11,

2024, after which he issued a report dated December 19, 2024, recommending that the

defendants be awarded the sums of $17,125.00 as and for their attorneys' fees, and $140.00 as

[* 1]

1 of 4

and for their disbursements.  He also determined that the defendants were not entitled to an award of "fees on fees," that is, an award of fees incurred in litigating their underlying application for an award of fees.  The defendants now move pursuant to CPLR 4403 to reject the referee's report.  The plaintiff opposes the motion.  The motion is denied, the report is thereupon confirmed, and the Clerk of the court is directed to enter a money judgment in favor of the defendants and against the plaintiff in the principal sum of $17,265.00, with statutory interest from May 16, 2023.

As a general rule, the court should not disturb the findings of a referee, and the report should be confirmed if the referee's findings are supported by the record, the referee has clearly defined the issues, and has resolved matters of credibility (*see Board of Mgrs. of Boro Park Vil.-Phase I Condominium v Boro Park Townhouse Assoc.,* 284 AD2d 237, 237-238 [1st Dept 2001]; *Freedman v Freedman*, 211 AD2d 580, 580 [1st Dept 1995]).  The court concludes that the referee's findings as to the number of hours properly expended by the defendants' attorneys in defending this action are supported by the record, that the referee clearly defined the issues referred to him, and that he reasonably resolved all matters involving the credibility of the defendants' contentions as to the number of hours reasonably expended and the usual hourly rates charged by the plaintiff's attorneys.  The court also concludes that the referee rationally reduced the number of hours that the defendants' attorneys claimed that they expended so as to account for those tasks that he deemed to be duplicative and those tasks for which he deemed the number of hours for which compensation was sought to have been excessive or unreasonable (*see generally Freidman v Yakov*, 138 AD3d 554 [1st Dept 2016]).

> "The special referee's recommendation as to the award of attorneys' fees has substantial support in the hearing record (*see David Realty & Funding, LLC v Second Ave. Realty Co*., 26 AD3d 257 [1st Dept 2006], *lv denied* 7 NY3d 705, [2006]).  The fees are reasonable in view of the attorneys' experience, expertise, and educational background, the applicable billing rates in the New York . . . legal communit[y], and, most significantly, [plaintiff's] vigorous litigation"

of the action over a period of two years (*Sachs v Adeli*, 121 AD3d 490, 490 [1st Dept 2014]).

157396/2022   MONEY GROUND, INC. D/B/A VICTORIA vs. ELDRIDGE STREET BLOCK ASSOCIATION ET AL
Motion No.  002

Page 2 of 4

2 of 4

The court agrees with the referee that an award of so-called "fees on fees" would be improper here. Such an award must "be based on a statute or on an agreement" (*Sage Realty Corp. v Proskauer Rose*, 288 AD2d 14, 15, 732 NYS2d 162 [1st Dept 2001]), and then only when the language of the statute or relevant agreement is "unmistakably clear" (*Batsidis v Wallack Mgt. Co., Inc.*, 126 AD3d 551, 552 [1st Dept 2015]) that such an award is authorized (*see Jones v Voskresenskaya*, 125 A.D.3d 532, 534 [1st Dept 2015]; *546-552 W. 146th St., LLC v Arfa*, 99 AD3d 117, 122 [1st Dept 2012]). Since the Civil Rights Law does not explicitly provide for an award of fees on fees in defending a strategic lawsuit against public participation, and the defendants clearly had not entered into any agreement with the plaintiff, an award of fees and fees are unauthorized here.

The report is thus confirmed.

"[T]he date on which the right to interest on the fees [that have been awarded] accrues is that on which the party seeking fees was determined to be the prevailing party" (*Solow Mgt. Corp. v Tanger*, 19 AD3d 225, 226 [1st Dept 2005]). Thus, "[t]he calculation of prejudgment interest on the fee award here should be from" May 16, 2023, "the date the court determined that [defendants] had prevailed on [their defense] and w[ere] therefore entitled to an award of attorneys' fees" (*id*. at 227).

Accordingly, it is

ORDERED that the defendants' motion is denied, the report of Special Referee Harold E. Bahr III, dated December 19, 2024, be, and hereby is, confirmed, and the Clerk of the court shall enter a separate money judgment in favor of the defendants Eldridge Street Block Association, Robert Crozier, Margaret Cho, Meral Bozkurt, Pablo Garcia, Adrian Abey Gines, and Robert Weigand, and against the plaintiff, Money Ground, Inc., doing business as Victoria, in the principal sum of $17,265.00, as and for the defendants' attorneys' fees and disbursements, with prejudgment interest at 9% per annum from May 16, 2023.

157396/2022   MONEY GROUND, INC. D/B/A VICTORIA vs. ELDRIDGE STREET BLOCK
ASSOCIATION ET AL
Motion No.  002

Page 3 of 4

3 of 4

[* 3]

This constitutes the Decision and Order of the court.

_____4/7/2025_____
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157396/2022   MONEY GROUND, INC. D/B/A VICTORIA vs. ELDRIDGE STREET BLOCK ASSOCIATION ET AL**
**Motion No.  002**

[* 4]