Broadway Warehouse Co. v Buffalo Barn Bd., LLC
2026 NY Slip Op 03528
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

BROADWAY WAREHOUSE CO., PLAINTIFF-APPELLANT,
v
BUFFALO BARN BOARD, LLC, DEFENDANT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
208 CA 25-00676
Present: Lindley, J.P., Bannister, Greenwood, Nowak, And Hannah, JJ.

ROACH, LENNON & BROWN, PLLC, BUFFALO (J. MICHAEL LENNON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
JUSTIN S. WHITE, WILLIAMSVILLE, FOR DEFENDANT-RESPONDENT.

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered March 17, 2025. The order and judgment, among other things, modified a Referee's report by reducing the amount of attorney's fees awarded to plaintiff.
[*1]
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking, inter alia, damages in the form of attorney's fees it expended to secure a judgment in a prior action for unpaid rent due under a commercial lease. The complaint asserts causes of action for breach of contract and fraudulent transfer of assets. Plaintiff moved for partial summary judgment on liability, and Supreme Court granted plaintiff's motion in part with respect to the breach of contract cause of action and appointed a referee to determine the amount of damages, i.e., attorney's fees, to which plaintiff is entitled.
Following an evidentiary hearing, the Referee issued a report recommending that plaintiff be awarded $135,009.89 in legal fees. Although that is almost twice the amount of damages that plaintiff obtained in the initial action for unpaid rent, plaintiff had requested $293,067.82 in fees plus prejudgment interest of $187,078.26, for a total $480,146.08. The Referee denied plaintiff's request for prejudgment interest. After the parties objected to different portions of the Referee's report, the court entered an order and judgment in which it reduced the award to $88,487.58, which represents legal fees incurred by plaintiff from the time of the commencement of the initial action in 2010 through December 5, 2017, when defendant's principal satisfied the judgment for unpaid rent plus interest. Plaintiff now appeals, contending that the court erred in determining that it was not entitled under the lease to recover attorney's fees incurred after December 5, 2017, when defendant's principal paid the rent due under the lease plus interest. We affirm.
While plaintiff was properly granted an award of attorney's fees for legal work undertaken to obtain the judgment in the prior action for unpaid rent owed by defendant, we reject plaintiff's contention that it is entitled to attorney's fees for legal work undertaken to collect the attorney's fees to which it was entitled under the lease. That is to say, plaintiff is not entitled to "fees on fees." An award of "fees on fees" is allowed only if pursuant to "a specific contractual provision or statute" (Matter of Aron Law, PLLC v New York City Fire Dept., 239 AD3d 972, 973 [2d Dept 2025], lv dismissed 44 NY3d 1020 [2025]; see Batsidis v Wallack Mgt. Co., Inc., 126 AD3d 551, 553 [1st Dept 2015]). "In the absence of unmistakably clear intent regarding the recovery of fees on fees, a right to recover those fees should not be implied" (Pace v Robertson, 235 AD3d 989, 992 [2d Dept 2025] [internal quotation marks omitted]; see 546-552 W. 146th St. LLC v Arfa, 99 AD3d 117, 122 [1st Dept 2012]). Here, the standard form attorney's fees provision in the parties' lease does not authorize plaintiff to collect attorney's fees expended to collect attorney's fees due under the lease upon a breach by the tenant.
Finally, plaintiff contends that the court should have granted it prejudgment interest on the award of attorney's fees pursuant to CPLR 5001. Because plaintiff did not object to that portion of the Referee's report that denied its request for prejudgment interest, plaintiff waived its contention (see generally Matter of Thomas v Murphy, 2 AD3d 1404, 1404 [4th Dept 2003]; Sroka v Sroka, 255 AD2d 897, 898 [4th Dept 1998]; Passaro v Henry, 251 AD2d 390, 390 [2d Dept 1998]).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court