In this action, plaintiff attorney seeks fees for services rendered in a matrimonial proceeding. Plaintiff was retained by defendant in March 2004, replacing defendant’s prior counsel in her divorce proceeding. It is undisputed that plaintiff and defendant executed a retainer agreement in March 2004. The agreement specified the nature of representation, a $25,000 retainer fee, billing arrangements and payments, and billing rates, among other details. Attached to the retainer agreement was a Statement of Client’s Rights and Responsibilities, also executed by both parties in March 2004. Plaintiff contends that on May 14, 2004, he filed a copy of the executed retainer agreement with the court as well as defendant’s updated statement of net worth, as mandated by 22 NYCRR 1400.3.
Shortly after executing both documents, defendant paid the $25,000 retainer fee. Plaintiff represented defendant from *513 March 2004 through December 2004, when defendant’s divorce proceedings ended in a stipulation of settlement. During that time, plaintiff sent defendant detailed billing statements, which were in “block billing” form, meaning that each timekeeper would enter a description of his or her work for a particular day, along with the total amount of time spent on those tasks for that day. Defendant made intermittent payments up until December 2004. When plaintiff commenced this suit, there was an outstanding balance of $104,918.46.
At the close of plaintiffs case, defendant moved for a directed verdict dismissing the complaint on the ground that plaintiff failed to comply with 22 NYCRR 1400.3, thereby barring his claim for fees. The trial court denied the motion on the ground that defendant had admitted compliance with 22 NYCRR 1400.3 in her answer. The trial continued to conclusion, and the court found an account stated in that defendant had not established that she objected to the bills. The court then granted judgment to plaintiff in the amount of $106,048.96.
“Where there has been ‘substantial compliance’ with the matrimonial rules, an attorney will be allowed to recover the fees owed for services rendered, but not yet paid for” (Edelman v Poster, 72 AD3d 182, 184 [2010], quoting Flanagan v Flanagan, 267 AD2d 80, 81 [1999]). The applicable rule, 22 NYCRR 1400.3, mandates that an attorney in a matrimonial matter file a copy of the signed retainer agreement with the court, along with the statement of net worth. Here, the record shows that a copy of the executed retainer was filed with the court on May 14, 2004, along with the updated statement of net worth. Even if plaintiff, as substituted counsel, should have filed the retainer within 10 days of its execution, he substantially complied with the requirements by filing the executed copy with the updated statement of net worth. Although it would have been better practice for plaintiff to have put proof of the filing in evidence on his direct case, his failure to do so does not change the fact that he substantially complied with the rule (see Kurtz v Kurtz, 1 AD3d 214, 215 [2003]).
Defendant also argues that plaintiff’s billing practices and willful spoliation of evidence should result in sanctions, and dismissal of his claims. Specifically, defendant argues that block billing was improper and that “task billing,” which lists the time for each separate task and is an enhanced level of billing, should have been used. However, block billing is common practice among law firms and neither 22 NYCRR 1400.3 nor the retainer agreement calls for task based billing. Regarding the spoliation of evidence allegation, defendant contends that *514 plaintiff intentionally destroyed a particular attorney’s individual time sheets, thereby preventing her from using those records to impeach plaintiff. Plaintiff testified at trial that the information from that attorney’s individual time sheets was entered into the firm’s time entry system, then reviewed by him and incorporated into the firm’s bills to defendant. In any event, the time sheets were not key evidence, and thus their alleged destruction did not deprive defendant of the ability to defend against plaintiffs claim for fees (Coleman v Putnam Hosp. Ctr., 74 AD3d 1009 [2010], lv dismissed 16 NY3d 884 [2011]). Accordingly, a spoliation sanction is not warranted.
Defendant also argues that she was improperly denied a commission to depose one of the attorneys from her divorce proceeding, who resided in New Jersey. However, the trial court providently exercised its discretion in denying defendant’s motion, as she had waited approximately two months before seeking the deposition, and had made the motion a week before the scheduled trial date (see Miller v Metropolitan 810 7th Ave., 50 AD3d 474 [2008]).
We have considered defendant’s remaining contentions and find them to be without merit. Concur — Mazzarelli, J.P., Saxe, DeGrasse, Richter and Abdus-Salaam, JJ.