# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**377**
**CA 14-00739**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

CARLA L. MURA, NOW KNOWN AS CARLA L. PICCARRETO,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

DAVID JAMES MURA, DEFENDANT-RESPONDENT.
-------------------------------------------------
MARK CHAUVIN BEZINQUE AND
DONALD A. WHITE, RESPONDENTS.

---

MAUREEN A. PINEAU, ROCHESTER, FOR PLAINTIFF-APPELLANT.

MARK CHAUVIN BEZINQUE, ROCHESTER, RESPONDENT PRO SE.

DAVIDSON FINK LLP, ROCHESTER (DONALD A. WHITE OF COUNSEL), FOR
RESPONDENT DONALD A. WHITE.

---

Appeal from an order of the Supreme Court, Monroe County (Richard
A. Dollinger, A.J.), entered July 22, 2013.  The order, among other
things, granted Mark Chauvin Bezinque, Esq., a charging lien against
plaintiff and denied the cross motion of plaintiff to disgorge funds
paid to Mark Chauvin Bezinque, Esq., and Donald A. White, Esq.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff appeals from an order that, inter alia,
granted the motion of her former attorney, nonparty respondent Mark
Chauvin Bezinque, Esq., for a charging lien pursuant to Judiciary Law
§ 475, and denied her cross motion to disgorge funds paid to Bezinque
and nonparty respondent Donald A. White, Esq., defendant's former
attorney.  We affirm.

Plaintiff and defendant were divorced in 1993.  The judgment of
divorce awarded plaintiff child support and ordered defendant to pay
$25,226.72 in child support arrears that had accrued from the
commencement of the divorce action through entry of the judgment.  For
16 years, the child support obligation was not enforced.  In April
2011, plaintiff hired Bezinque to recover the accumulated child
support arrears that, with interest, totaled $549,403.62 as of
September 2011.  At the time, defendant owned real property in Ontario
County, and the judgment of divorce was filed in Monroe County.
Bezinque filed the judgment in Ontario County and commenced actions in
both Ontario County and Monroe County to restrain the sale of the

Ontario property.  While those proceedings were ongoing, defendant sold the property in violation of a court order.  Upon Bezinque's motion, defendant's share of the proceeds from the sale of the home was placed in escrow "in anticipation of a final judgment for unpaid child support" (hereafter, escrowed funds).  In July 2012, the court awarded interim attorney's fees to White and Bezinque to be paid from the escrowed funds.  No appeal was taken from that order.  Bezinque referred plaintiff to another law firm for the preparation of executions and levies against the escrowed funds held by defendant's then attorneys, and requested payment of the outstanding balance of his legal fees from those funds.  Plaintiff did not respond to that request.  Bezinque thereafter moved by order to show cause seeking, inter alia, a charging lien pursuant to Judiciary Law § 475 against the escrowed funds sufficient to cover his outstanding fees.  Plaintiff opposed Bezinque's motion and cross-moved for an order directing Bezinque and White to return the counsel fees they received pursuant to the interim order.

Under the common law, "the attorney's lien 'was a device invented by the courts for the protection of attorneys against the knavery of their clients, by disabling clients from receiving the fruits of recoveries without paying for the valuable services by which the recoveries were obtained' " (*Banque Indosuez v Sopwith Holdings Corp.*, 98 NY2d 34, 38, *rearg denied* 98 NY2d 693, quoting *Goodrich v McDonald*, 112 NY 157, 163).  Judiciary Law § 475 "codifies and extends the common-law charging lien" (*Cataldo v Budget Rent A Car Corp.*, 226 AD2d 574, 574, *lv dismissed* 88 NY2d 1017, *lv denied* 89 NY2d 811; *see Banque Indosuez*, 98 NY2d at 37; *Robinson v Rogers*, 237 NY 467, 471), by providing an attorney with "*a lien upon his or her client's cause of action, claim or counterclaim*, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, *and the proceeds thereof in whatever hands they may come*" (§ 475 [emphases added]).  The statute is remedial in nature and therefore must "be construed liberally in aid of the object sought by the [L]egislature, which was to furnish security to attorneys by giving them a lien upon the subject of the action" (*Fischer-Hansen v Brooklyn Hgts. R.R. Co.*, 173 NY 492, 499; *see Robinson*, 237 NY at 471-472; *Morgan v H.P. Drewry, S. A. R. L.*, 285 App Div 1, 4).  "The lien comes into existence, without notice or filing, upon commencement of the action or proceeding," and "gives the attorney an equitable ownership interest in the client's cause of action" (*LMWT Realty Corp. v Davis Agency*, 85 NY2d 462, 467).

The only exception contained in the statute is for proceedings before "a department of labor" (Judiciary Law § 475).  In addition to that statutory exception, the Court of Appeals has held that, as a matter of public policy, a charging lien may not attach to an award of alimony or maintenance (*see Turner v Woolworth*, 221 NY 425, 429-430; *see also Matter of Balanoff v Niosi*, 16 AD3d 53, 63; *Cohen v Cohen*, 160 AD2d 571, 572; *Theroux v Theroux*, 145 AD2d 625, 627).  Plaintiff contends that child support awards should likewise be immune from attachment under Judiciary Law § 475, relying solely on *Shipman v City of N.Y. Support Collection Unit* (183 Misc 2d 478, 485).  Contrary to plaintiff's characterization, the funds at issue are not a "child

support award" or "child support arrears."  Rather, the escrowed funds constitute defendant's share of the net proceeds of the sale of his residence and, as the trial court recognized, "[t]here has been no determination [as to] what amount of the house sale proceeds are necessary to pay any child support arrears owed by [defendant]."  In any event, we note that no New York appellate court has cited *Shipman* for the proposition relied upon by plaintiff, i.e., that child support awards are categorically excluded from an attorney's charging lien, and we conclude that *Shipman* is unpersuasive, particularly in the context of this case.  Even assuming, arguendo, that there is a general public policy precluding the enforcement of a charging lien upon a child support award, we conclude that such a policy is not implicated under the unique circumstances of this case.  In *Turner*, the Court of Appeals reasoned that alimony was beyond the reach of an attorney's lien because "[t]he purpose of alimony is support," and "[e]quity, which creates the fund, will not suffer its purpose to be nullified" (211 NY at 429-430).  The purpose of child support, of course, is "to assist a custodial parent in providing the child with shelter, food and clothing" (*Rubin v Della Salla*, 107 AD3d 60, 70).  Here, plaintiff did not seek to enforce the 16-year-old support obligation until the parties' children, who were the intended beneficiaries of the support, were either emancipated or nearly emancipated.  This is therefore not a situation in which the enforcement of a lien pursuant to Judiciary Law § 475 will result in the depletion of monies necessary for the ongoing support of a minor child or children (*see Shipman*, 183 Misc 2d at 487).

Contrary to the further contention of plaintiff, we conclude that Bezinque's application for a charging lien was not jurisdictionally defective.  "Where[, as here,] there has been substantial compliance with the matrimonial rules, an attorney will be allowed to recover the fees owed for services rendered, but not yet paid for" (*Daniele v Puntillo*, 97 AD3d 512, 513, *lv denied* 20 NY3d 851 [internal quotation marks omitted]).  Plaintiff's further challenge to the alleged factual insufficiency of the application is not properly before us inasmuch as it is raised for the first time on appeal (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985).  In any event, we conclude that Bezinque established his prima facie entitlement to a charging lien in the amount of $30,545.91 by submitting, inter alia, his most recent billing statement and an affirmation in which he averred that he sent monthly billing statements to plaintiff, that plaintiff never raised an objection to those statements, and that she "repeatedly and persistently promised payment out of the proceeds of this litigation" (*see Wasserman v Wasserman*, 119 AD3d 932, 934).

We further conclude that the court properly denied plaintiff's cross motion for disgorgement of funds paid to Bezinque and White.  As discussed above, the funds from which Bezinque and White were paid in 2012 did not constitute "child support."  Moreover, the interim fee award was made upon plaintiff's motion, and no appeal was taken from that order (*see generally Vassilakos v Vassilakos*, 204 AD2d 1074, 1074).  In any event, we agree with the court that plaintiff provided no factual or legal basis to support the equitable remedy of disgorgement (*see generally Law Off. of Sheldon Eisenberger v Blisko*,

106 AD3d 650, 652).

        We have reviewed plaintiff's remaining contentions and conclude that they are without merit.