■ Naum Freidman, Appellant, v Yakov, Also Known as Jacob Fayenson, et al., Respondents. Jacob Fayenson Revocable Trust, Counterclaim Plaintiff-Respondent, v Naum Freidman et al., Counterclaim Defendants-Appellants, and Korm Realty Inc., Respondent. [30 NYS3d 58]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered December 9, 2013, which, to the extent appealed from as limited by the briefs, found that counterclaim defend-

ant Evgeny Freidman (Evgeny) and nonparty Michael Cohen (a lawyer at counterclaim defendant Tenenbaum & Berger LLP) had engaged in frivolous conduct and awarded attorneys' fees and costs to defendants, unanimously affirmed, with costs. Order, same court and Justice, entered September 17, 2014, which denied the cross motion of plaintiff-counterclaim defendant Naum Freidman (Naum), Evgeny, and Tenenbaum & Berger (collectively, counterclaim defendants) to disaffirm a Special Referee's report and granted defendants' motion to confirm it, unanimously affirmed, with costs.

The court providently exercised its discretion by finding that Evgeny engaged in frivolous conduct and sanctioning him (*see e.g. Great Am. Ins. Cos. v Bearcat Fin. Servs., Inc.*, 90 AD3d 533 [1st Dept 2011], *lv dismissed* 18 NY3d 951 [2012]; *G&T Term. Packaging Co. Inc. v Western Growers Assn.*, 66 AD3d 563 [1st Dept 2009]). In addition to the episode on which the motion court relied, where Evgeny—a lawyer who was present at Naum's deposition as an observer and a party—launched a profanity-laden attack on the lawyer conducting the deposition, we have, as requested by counterclaim defendants, reviewed the entire deposition transcript and find it replete with instances of conduct "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). Although Evgeny is a practicing lawyer, the record shows that he claimed not to know basic legal terms and repeatedly played word games with defense counsel.

The motion court's decision to impose sanctions on Cohen was not an improvident exercise of discretion (*see Great Am. Ins. Cos.*, 90 AD3d at 533).

Counterclaim defendants' argument that the court erred by awarding sanctions without a hearing is unpreserved (*see Martinez v Estate of Carney*, 129 AD3d 607, 609 [1st Dept 2015]), and unavailing (*see id.*).

Counterclaim defendants' contention that the Special Referee should not have admitted defense counsel's redacted invoices in evidence as a business record is also unpreserved (*see e.g. Matter of Carmine G. [Franklin G.]*, 115 AD3d 594 [1st Dept 2014]), and unavailing (*see D.B. Zwirn Special Opportunities Fund, L.P. v Brin Inv. Corp.*, 96 AD3d 447, 448 [1st Dept 2012]). Unlike *135 E. 57th St., LLC v 57th St. Day Spa, LLC* (126 AD3d 471 [1st Dept 2015]), there was an affirmation supporting defendants' fee request, and monthly statements and bills were admitted into evidence.

The court providently exercised its discretion (*see 542 E.*

*14th St. LLC v Lee*, 66 AD3d 18, 24 [1st Dept 2009]) by award-ing $18,530 in attorneys' fees. Block billing, about which counterclaim defendants complain, "is common practice among law firms" (*Daniele v Puntillo*, 97 AD3d 512, 513 [1st Dept 2012], *lv denied* 20 NY3d 851 [2012]), and does not "render the invoiced amounts per se unreasonable" (*546-552 W. 146th St. LLC v Arfa*, 99 AD3d 117, 123 [1st Dept 2012]). Here, the work performed by defendants' attorneys was more than sufficiently detailed by the billing attorney's credible testimony (*id.*). Furthermore, the Special Referee reduced the amount sought by defendants due to the block billing (*see Matter of Silverstein v Goodman*, 113 AD3d 539, 540 [1st Dept 2014]).

We have considered counterclaim defendants' remaining arguments and find them unavailing. Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Webber, JJ.