| **Verizon N.Y. Inc. v DE Blvd., LLC** |
| --- |
| 2024 NY Slip Op 30127(U) |
| January 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654051/2020 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-------------------------------------------------------------------------------X

VERIZON NEW YORK INC.,

Plaintiff,

- v -

DE BOULEVARD, LLC, RJ CAPITAL HOLDINGS LLC, and
KSK CONSTRUCTION GROUP, LLC,

Defendants.

-------------------------------------------------------------------------------X

DE BOULEVARD, LLC, RJ CAPITAL HOLDINGS LLC, KSK
CONSTRUCTION GROUP, LLC

Plaintiffs,

-against-

FGC CONSTRUCTION INC.

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654051/2020 |
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595071/2021

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 153, 154, 155, 156, 157, 158, 159, 160, 161, 165, 166, 170, 171, 172, 173, 174

were read on this motion to/for                    ATTORNEY - FEES                              .

Upon the foregoing documents, it is

On July 6, 2023, this court granted plaintiff Verizon New York Inc.'s motion for partial summary judgment and awarded plaintiff reasonable pre- and post-litigation attorneys' fees and costs based on the parties' license agreement.  (NYSCEF Doc. No. [NYSCEF] 162, Decision and Order [mot. seq. no. 003]; *see also* NYSCEF 151, tr at 54:11-16.)  In motion seq. no. 004, plaintiff now moves for a determination of those fees. In support of this motion, plaintiff submits affirmations of services and supporting

**654051/2020   VERIZON NEW YORK INC. vs. DE BOULEVARD, LLC**
**Motion No.  004**

**Page 1 of 10**

documents, including bios and invoices. Defendants De Boulevard, LLC, RJ Capital Holdings LLC and KSK Construction Group, LLC oppose plaintiff's fee application.[1]

To determine the reasonableness of the requested fee, the court is guided by the following factors: (1) "the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented"; (2) "the lawyer's experience, ability, and reputation"; (3) "the amount involved and benefit resulting to the client from the services"; (4) "the customary fee charged by the Bar for similar services"; (5) "the contingency or certainty of compensation"; (6) "the results obtained"; and (7) "the responsibility involved." (*Matter of Freeman*, 34 NY2d 1, 9 [1974].) These factors apply in commercial cases. (Commercial Litigation in New York, 4th ed., 2015, § 53:7, Court-Awarded Attorneys' Fees.) The court also relies on its own knowledge of hourly rates charged by private firms who practice in the Commercial Division, New York County. (*See Miele v New York State Teamster Conference Pension & Retirement Fund*, 831 F2d 407, 409 [2d Cir 1987].)

Plaintiff seeks reimbursement for the cost of legal services provided by (i) Adam Leitman Bailey, P.C. (Leitman Bailey PC) from October 2019 until August 2020, *i.e.*, prior to this litigation, totaling $53,306 ($52,537.60 in attorneys' fees and $768.40 in costs), and (ii) by McGuireWoods LLP (McGuire), plaintiff's litigation counsel, from August 2020 until May 2023, totaling $965,846.35 ($635,516.53 in attorneys' fees and $330,329.82 in costs). (NYSCEF 161, Pl memo at 8-9, 12.[2]) Plaintiff also seeks reimbursement for the cost of McGuire's June 2023 services totaling $19,549.85

---

[1] To the extent that defendants attempt to relitigate the issue of whether plaintiff is entitled to be reimbursed for the attorneys' fees and costs, their opposition is rejected.
[2] Reference is made to NYSCEF pagination.

**654051/2020 VERIZON NEW YORK INC. vs. DE BOULEVARD, LLC**
**Motion No. 004**

**Page 2 of 10**

2 of 10

($19,503.50 in attorneys' fees and $46.35 in costs). (NYSCEF 170, Kaplun[3] reply aff ¶¶ 2-3, 6.)

*Leitman Bailey P.C.*

In support of its fee application for Leitman Bailey PC's services, plaintiff submits an affirmation of Adam Leitman Bailey (NYSCEF 158), invoices (NYSCEF 159), and biographies of the attorneys who worked on this matter (NYSCEF 160). Among other things, Leitman Bailey's firm investigated the damage sustained by plaintiff's property as a result of defendants' adjacent construction activities, enforced the parties' license agreement, coordinated response, repair and remediation efforts, and negotiated and enforced an amendment to the license agreement. (NYSCEF 158, Leitman Bailey aff ¶ 2.)

The court finds that the hourly rates that Leitman Bailey PC charged are usual and customary for commercial law firms in New York City ($350 per partner, $325 per associate, and $100-125 per paralegal.) (*Id.* ¶ 11.) The other remaining factors are also satisfied.

However, the court deducts $225 billed for work performed by an associate that should have been completed by a paralegal. (NYSCEF 159, Leitman Bailey PC Invoices [3/1/2020 invoice at 2].) Further, the court agrees with defendants' argument that travel time that Leitman Bailey PC's attorneys billed should be reduced by 50% because "travel time is appropriately compensated at half of counsel's normal billing rate." (*Rozell v Ross-Holst*, 576 F Supp 2d 537, 540 [SD NY 2008]; *see also Matter of Bracken, Margolin, Besunder, LLP v Raymond*, 2013 NY Slip Op 31619[U], *26 [Sup Ct,

---

[3] Aleksandra Kaplun, Esq. is plaintiff's attorney. (NYSCEF 154, Kaplun aff ¶ 1.)

**654051/2020   VERIZON NEW YORK INC. vs. DE BOULEVARD, LLC**                **Page 3 of 10**
**Motion No.  004**

3 of 10

[* 3]

Suffolk County 2013].) Thus, the court deducts 50% from each invoice entry that includes travel time, totaling in a $4,610 deduction from the requested amount as the invoices do not allocate how much time was actually spent traveling versus, for example, inspecting the property. (NYSCEF 159, Leitman Bailey PC Invoices [11/1/2019 invoice at 1, 3-4; 1/1/2020 invoice at 1; 2/1/2020 invoice at 6; 3/1/2020 invoice at 2; 4/1/2020 invoice at 1].)

Finally, although plaintiff seeks to recover $52,537.60 for attorneys' fees, after adjustments, plaintiff paid $52,487.76 to Leitman Bailey PC for attorneys' fees. (NYSCEF 158, Leitman Bailey aff ¶ 13.) Accordingly, after the above deductions, plaintiff is entitled to reimbursement of $48,421.16 for Leitman Bailey PC's services and costs.

*McGuire*

In support of its fee application for McGuire's services rendered from August 2020 until June 2023, plaintiff submits, *inter alia*, Kaplun's affirmations (NYSCEF 154, Kaplun aff; NYSCEF 170, Kaplun reply aff), invoices (NYSCEF 155, McGuire Invoices[4]; NYSCEF 171, McGuire June 2023 Invoice), and biographies of the attorneys who worked on this matter (NYSCEF 156, McGuire Bios[5]; NYSCEF 157, Michael Simes Bio[6]). McGuire represented plaintiff throughout this litigation. To that end, McGuire's

---

[4] Pursuant to plaintiff and McGuire's fee arrangement that capped attorneys' fees at each litigation phase, plaintiff did not pay for the invoice entries that exceeded the budget for any given litigation phase. (NYSCEF 154, Kaplun aff ¶ 19.) For services rendered through May 2023, the billed amount of $711,441.29 was reduced to $635,516.53 due from the plaintiff (*id.* ¶¶ 21-23), effectively representing a 10.67% discount for services rendered through May 2023.

[5] Plaintiff has not provided biography of Andre V. Keels, an associate who worked on this matter but is no longer with McGuire. (*Id.* ¶ 21.)

[6] Simes is no longer with McGuire. (*Id.* ¶ 22.)

**654051/2020   VERIZON NEW YORK INC. vs. DE BOULEVARD, LLC**                                    **Page 4 of 10**
**Motion No.  004**

attorneys, *inter alia*, drafted the complaint, conducted discovery and expert discovery, submitted and argued the motion for partial summary judgment, and prepared the present fee application. (*See* NYSCEF 155, McGuire Invoices; NYSCEF 171, McGuire June 2023 Invoice.)

The court finds that the hourly rates that McGuire charged are usual and customary for commercial law firms in New York City ($665 per partner, $320-$425 per associate, $225-$250 per paralegal, $250 per librarian and director of research and information services, and $185 per senior practice support and trial technology specialist.) (NYSCEF 154, Kaplun aff ¶ 21.) The other remaining factors are also satisfied. The court, however, deducts $5,302.42 for unnecessary billing of (i) 1.9 hours to review invoices (NYSCEF 155, McGuire Invoices [8/25/2022 invoice at 20]), (ii) 7.3 hours to redact and review McGuire invoices (NYSCEF 171, McGuire June 2023 Invoice at 2-4), and (iii) 12.6 hours to draft attorney affirmations in support of the present fee application (*id.* at 3-5). The court further deducts $3,000 for billing by McGuire attorneys for work that should have been completed by a paralegal. (*See e.g.* NYSCEF 155, McGuire Invoices [10/14/2022 invoice at 9 "[f]inalize and notarize note of issue and certificate of readiness for filing"]; *id.* [11/30/2022 invoice at 10 "[p]repare exhibit documents for attorney affirmation in support of summary judgment"; "[f]inalize record and affirmation citations in summary judgment brief"]; *id.* [6/14/2023 invoice at 7 "[c]oordinate e-filing of certified transcript of proceedings and summary judgment decision"].)

Defendants argue that since August 2020, three partners, three associates, four paralegals, research director, technology specialist and librarian billed to file, with Kaplun's bills totaling $467,843.70 (1,190.28 hours), which is unnecessary. Specifically,

**654051/2020  VERIZON NEW YORK INC. vs. DE BOULEVARD, LLC**                    **Page 5 of 10**
Motion No.  004

5 of 10

defendants challenge (1) the billing of more than 100 hours solely for preparation of the complaint by two associates, one partner and one paralegal; (2) Kaplun's billing of 7.2 hours to edit a deposition outline; (3) the fact that David M. Bordoni, defendants' attorney, has never communicated with many of the staff members that made the invoice entries; and (4) the attorneys' fees billed for plaintiff's subsequently withdrawn motion to compel.

The court finds that McGuire's staffing of attorneys and other professionals is not excessive and certainly not unusual in the Commercial Division, New York County. Similarly, the number of hours that Kaplun billed is not *per se* excessive, given the complexity of this 2020 action and her role as plaintiff's lead counsel. (NYSCEF 154, Kaplun aff ¶ 21.) Further, the mere fact that Bordoni has not communicated with some of the assigned staff members is insufficient to challenge their invoice entries. Finally, the records shows that plaintiff withdrew the motion to compel because defendants subsequently made supplemental production sought in the motion. (NYSCEF 67, Stipulation [mot. seq. no. 001].) The court, however, deducts $7,854.14 for unnecessary billing of (i) 7.2 hours ($2,137.02)[7] to edit deposition outline (NYSCEF 155, Invoices [3/11/2022 invoice at 5]) and (ii) 87.9 hours ($5,717.12)[8] to draft, review and revise the complaint. (*Id.* [9/30/2020 invoice at 1-12.)

Further, plaintiff seeks $330,376.17 that McGuire billed, representing payments for court and filing fees ($964.35), delivery services ($39.82), deposition transcripts ($36,825.28), mediation services ($2,545), expert services ($285,475.90), meals

---

[7] 7.2h = $3,060, with 10.67% discount it is $2,733.50. This task probably could have been completed in 1.5h = $596.48. Thus, the difference is $2,137.02.
[8] 20 hours at $320 = $6,400, with 10.67% discount it is $5,717.12.

**654051/2020 VERIZON NEW YORK INC. vs. DE BOULEVARD, LLC** **Page 6 of 10**
**Motion No. 004**

($324.26), and travel ($4,201.56). (NYSCEF 161, PI memo at 12; NYSCEF 170, Kaplun reply aff ¶ 6.) Defendants argue that plaintiff cannot recover for expert fees and expenses, as well as all vendor and litigation support related expenses because plaintiff failed to provide the expert's hourly rate and the total number of hours spent and describe the work that experts or vendors performed.

On reply, plaintiff submits expert invoices from FTI Consulting, Inc. (FTI) totaling $283,285.23.[9] (NYSCEF 172, FTI Invoices.) FTI's invoices itemize the experts' hourly rates, tasks performed, and the total number of hours spent on this matter. (*Id.*) The record shows that FTI's services included preparing a lengthy expert report. (NYSCEF 127, FTI Report.) The court finds that the expert costs are reasonable. The court, however, deducts $2,082.50 for unnecessary billing of 4.5 hours that an FTI associate spent on discussing deposition errors with counsel and notarizing and transmitting an errata sheet. (NYSCEF 172, FTI Invoices [January 11, 2023 invoice at 3].)

The court finds that McGuire's remaining costs for deposition transcripts ($39,015.95), as supported by invoices (NYSCEF 173, Veritext Invoices), reasonable, as is the court filing fees, delivery services, and mediation services. The court cuts the $4,201.56 travel costs by 50% ($2,100.78).

---

[9] Plaintiff seeks reimbursement of $285,475.90 for FTI costs (NYSCEF 161, PI memo at 12), but FTI's charges total $283,285.23, that is, $2,190.67 less than the requested amount. Further, plaintiff seeks reimbursement of $36,825.28 for deposition transcript costs (*id.*), but transcript provider's charges total $39,015.95, that is, $2,190.67 more than the requested amount. (NYSCEF 173, Veritext Invoices.) Evidently, plaintiff erroneously assigns some of the charges for deposition transcripts into the expert costs category.

**654051/2020  VERIZON NEW YORK INC. vs. DE BOULEVARD, LLC**                                        **Page 7 of 10**
**Motion No.  004**

*Remaining Opposition Arguments*

The court rejects defendants' argument that the fee award must be reduced by 50% because the billing entries are vague, block billed, duplicative and often redacted. Defendants fail to identify any specific billing entries that are deficient. Upon review, the court can properly evaluate most of the partially redacted billing entries as they sufficiently identify the completed tasks. The court, however, deducts $3,152.01 for the redacted billing entries that the court cannot evaluate. (NYSCEF 155, McGuire Invoices, 8/25/2022 invoice at 3 [charge of 0.5 hours to "[d]raft and revise"; charge of 0.3 hours to "[r]eview"]; *id.* at 7 [charge of 2.3 hours to "[r]eview"]; *id.* at 9 [charge of 3.4 hours for "existing . . . records"]; *id.* at 13 [charge of 1.2 hours for "invoices"; charge of 0.8 hours for "remediation invoice records"].)

The court also rejects defendants' request for a 10% reduction of the block billed hours as block billing "is common practice among law firms" and does not "render the invoiced amounts per se unreasonable." (*Freidman v Yakov*, 138 AD3d 554, 556 [1st Dept 2016] [internal quotation marks and citations omitted].) Defendants do not argue that any block billed entries include unnecessary work or are otherwise deficient so as to warrant any reduction. (*Community Counseling & Mediation Servs. v Chera*, 115 AD3d 589, 590 [1st Dept 2014] ["there is no per se rule as to the maximum or minimum that block-billed fees should be reduced to account for unnecessary work"].) Although defendants state that "[t]he most pronounced being the duplicative block billing entries of [Andre Keels] and Kali M. Yallourakis" of McGuire (NYSCEF 166, Opp memo at 11), they fail to identify any duplicative entries on McGuire's invoices spanning 273 pages.

Next, defendants argue that absent specific language in the license agreement, plaintiff cannot recover fees on fees, *i.e.*, attorneys' fees in connection with this fee

**654051/2020   VERIZON NEW YORK INC. vs. DE BOULEVARD, LLC**                    **Page 8 of 10**
**Motion No.  004**

8 of 10

application.  Plaintiff counters that the license agreement's indemnification clause permits recovery of fees on fees.

The license agreement's indemnification clause states that it covers "all claims, liabilities, losses, obligations, fines, liens, penalties, actions, judgments, damages, costs (including, without limitation, reasonable attorneys' fees and expenses incurred in connection therewith) . . . arising out if or resulting from . . . (iv) any breach by Developer and/or Construction Team and Developers' invitees of any of the terms, covenants, conditions and obligations contained in the" license agreement.  (NYSCEF 91, Agreement ¶ 12.)  Pursuant to the clause, fees incurred in connection with this fee application are recoverable.  (*See Sq. Mile Structured Debt (One) LLC v Swig*, 2013 NY Slip Op. 31803[U], *15-16 [Sup Ct, NY County 2013], citing *546-552 W. 146th St. LLC v Arfa*, 99 AD3d 117, 122 [1st Dept 2012] ["where, as here, the indemnity clause . . . expressly states that it covers any and all losses, claims, damages, liabilities, expenses (including legal fees and expenses) . . . fees on fees may be recoverable" (internal quotation marks and citation omitted)]; *see also Plymouth Fin. Co., Inc. v Plymouth Park Tax Services LLC*, 2013 WL 6212566, *7,  [Sup Ct, New York County 2013] [awarding fees on fees where indemnity clause covered "'*any and all losses*, costs, damages, liabilities, obligations, assessments, fines, Taxes, deficiencies and expenses arising from Taxes, claims, demands, actions, causes of action, *including reasonable legal fees*'"]; *cf. F.H. Krear & Co. v Nineteen Named Trustees*, 810 F2d 1250, 1267 [2d Cir 1987] [fees on fees award was contrary to New York law where contract's provision for attorneys' fees was a general one providing that prevailing party "'would have the right to reimbursement of reasonable attorney's fees'"].)

Defendants further argue that plaintiff cannot recover attorneys' fees for administrative and secretarial tasks, such as motion status confirmation, scheduling meetings, filing motion papers, drafting and reviewing stipulations and lists, preparing pro hac vice application of Yallourakis or other non-legal tasks, but fail to identify any specific invoice entries that they are challenging. As discussed above, the court has made deductions to account for work that was performed by attorneys but should have been performed paralegals.

Finally, defendants argue, in a conclusory fashion, that it is not apparent that plaintiff has furnished the entirety of its billing entries and to the extent it failed to do so, it should not be permitted to seek recovery of attorneys' fees and costs. Defendants, however, fail to explain why it is not apparent that all of the billing entries have been submitted or identify any billing entries that are missing.

Accordingly, the total due to McGuire is $961,904.35.[10]

Accordingly, it is

ORDERED that Verizon New York Inc. is awarded $1,010,325.51 in attorneys' fees and costs.

| 1/10/2024 | | ANDREA MASLEY, J.S.C. |
| --- | --- | --- |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

---

[10] $965,846.35 (total for August 2020 to May 2023) - $5,302.42 - $3,000 - $7,854.14 - $2,082.50 - $2,100.78 (travel) - $3,152.01 + 19,549.85 (total for June 23).

654051/2020   VERIZON NEW YORK INC. vs. DE BOULEVARD, LLC
Motion No. 004

Page 10 of 10

10 of 10

[* 10]