| **Pacific Western Bank v 919 Old Winter Haven Realty, LLC** |
|:---:|
| 2024 NY Slip Op 30291(U) |
| January 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652216/2020 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: <u>HON. LOUIS L. NOCK</u>

*Justice*

PART 38M

-----------------------------------------------------------------------------X

PACIFIC WESTERN BANK,

Plaintiff,

- v -

919 OLD WINTER HAVEN REALTY, LLC, 2055 PALMETTO REALTY, LLC, 703 SOUTH 29TH ST REALTY, LLC, 1650 FOURAKER REALTY, LLC, 3663 15TH ST REALTY, LLC, ATLANTIC CARE ACQUISITION, LLC, WEST JACKSONVILLE CARE ACQUISITION, LLC, AUBURNDALE OAKS CARE ACQUISITION, LLC, LAUREL POINT CARE ACQUISITION, LLC, CLEAR WATER CARE ACQUISITION, LLC, and LEOPOLD FRIEDMAN,

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652216/2020 |
| MOTION DATE | 12/02/2022 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, and 63

were read on this motion for                                    DEFENSE COSTS                                    .

LOUIS L. NOCK, J.

By decision and order dated June 9, 2022, the court granted plaintiff's motion for summary judgment as to liability on its claims that defendants must reimburse its defense costs in several actions pending in the State of Florida (NYSCEF Doc. No. 47). The reader is referred to that decision for a fuller discussion of the underlying facts of the case. Following the decision, the parties requested to resolve the issue of plaintiff's defense costs in the Florida actions by submission of papers rather than a damages hearing, which the court allowed. Upon the above listed documents, plaintiff's instant damages application is granted in accordance with the following memorandum.

In its prior order, the court held that defendants were "obligated to pay plaintiff's defense costs while the claims against plaintiff are being litigated" (NYSCEF Doc. No. 47 at 8). As the

[* 1]

prior order further noted, "[f]unds that have been advanced must be repaid if ultimately it is determined that the recipient is not entitled to indemnification" (*id.*) – in this case, upon a finding by the Florida courts of gross negligence, willful misconduct, or any intentional behavior by plaintiff (*see, id.*, at 6-8). It is undisputed that the Florida actions have now been dismissed against plaintiff without any such finding (Cohn affirmation, NYSCEF Doc. No. 51, ¶ 17). Therefore, as per the court's previous order, defendants herein are obligated to indemnify plaintiff for its defense costs.

Defendants assert that the amount of fees and costs claimed by plaintiff is inappropriately excessive for multiple reasons, claiming that: plaintiff's attorneys charged rates in excess of the reasonable rates for the relevant legal community; the hours expended by counsel were not reasonable; and plaintiff overstaffed the case, as the dispute did not require the involvement of as many attorneys and staff as counsel billed for.

"An award of attorneys' fees pursuant to . . . a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered" (*Kamco Supply Corp. v Annex Contr. Inc.*, 261 AD2d 363, 365 [2d Dept 1999]). "[T]he court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered" (*SO/Bluestar, LLC v Canarsie Hotel Corp.*, 33 AD3d 986, 988 [2d Dept 2006]). In determining the reasonable amount of attorneys' fees, courts look to several factors: "the time and labor required; the difficulty of the questions involved; the skill required to handle the issues presented; the experience, ability and reputation of counsel; the proposed amount of fees; the benefit resulting to the putative class from the services; the customary fee charged for similar services; the contingency or certainty of compensation; the

[* 2]

results obtained; and the responsibility involved" (*Gordon v Verizon Communications, Inc.*, 148 AD3d 146, 165 [1st Dept 2017]).

Here, the fees incurred by plaintiff in the Florida action are reasonable. Defendants do not meaningfully question the skill required to litigate these matters, nor the experience, ability, and reputation of retained counsel. Given the number of lawsuits, the amount potentially at stake, the novel legal position taken by the Florida plaintiffs – which even defendants herein initially attested to (Def.'s memorandum of law, NYSCEF Doc. No. 35 at 2-3, 8, 16), the amount of pleadings and motion practice that took place in the Florida actions (Cohn affirmation, NYSCEF Doc. No. 51, ¶¶ 6-16), and the complete victory for plaintiff obtained upon dismissal of the Florida actions (*id.*, ¶ 17), all of the factors set forth above weigh in plaintiff's favor (*Gordon*, 148 AD3d at 165).

Defendants object to the rates charged by plaintiff's counsel. There is no dispute in the record that counsel's fees are comparable to those of other lawyers of similar expertise and experience in New York. While defendants argue that the relevant rate is that charged in Florida, this argument is inadequately supported. Generally, the relevant rate is the one in the area in which the reviewing court sits (*Simmons v New York City Tr. Auth.*, 575 F3d 170, 174 [2d Cir 2009], *citing Blum v Stephens*, 465 U.S. 886 [1984]; *Matter of Gamache v Steinhaus*, 7 AD3d 525, 527 [2d Dept 2004] ["As a general rule, the reasonable hourly rate [for an attorney] should be based on the customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation to those by whom the prevailing party was represented"] [internal quotation marks and citation omitted; brackets in original]). Moreover, defendant presents only the affidavit of one Florida attorney, who does not have personal knowledge of the Florida actions, and attests to the prevailing rates for medical malpractice cases

[* 3]

(Humphrey aff., NYSCEF Doc. No. 60). As the court's prior decision demonstrates, the Florida actions as alleged against plaintiff herein were not simple medical malpractice cases. To the extent that defendants argue that plaintiff retained out-of-state counsel for purely Florida matters unnecessarily, litigants generally have the right to be represented by counsel of their own choosing (*see Ferolito v Vultaggio*, 99 AD3d 19, 27 [1st Dept 2012]). Here, where plaintiff chose to be represented by counsel who have represented it for more than 20 years (Cohn reply affirmation, NYSCEF Doc. No. 62, ¶ 3), the court will not penalize it for doing so. As set forth in its prior decision, the court also notes that defendants have effectively waived this argument by not objecting to plaintiff's choice of counsel in the Florida actions, and paying, for a time, plaintiff's legal fees without objection (NYSCEF Doc. No. 47 at 8-10).

Defendants next argue that plaintiff's counsel accrued unreasonable hours due to the decision: to staff the case with attorneys from outside Florida who were not admitted to the Florida Bar; to hire two local law firms to act as local counsel; and to have numerous attorneys and staff from each office working on the cases. As plaintiff points out, however, it initially retained William Dorsey, Esq., and Kenneth Ottaviano, Esq., when they were at Katten Muchin Rosenman LLP ("Katten") (Cohn reply affirmation, NYSCEF Doc. No. 62, ¶ 3). Katten did not then and does not now have any offices in Florida, necessitating the hiring of local counsel (*id.*, ¶ 4). Moreover, the geographical distance between the courthouses in which the Florida actions were brought necessitated the hiring of two separate firms (*id.*, ¶ 5). After Messrs. Dorsey and Ottaviano moved to Blank Rome LLP, the case transitioned away from one of the local firms and to Blank Rome's Tampa, Florida, office for local support (*id.*, ¶¶ 6, 10). As for the number of attorneys and non-attorney staff billing on the cases, an analysis of the billing records, and the explanatory gloss provided by counsel, shows that the vast majority of the work was billed by

one partner, Mr. Dorsey, one associate at a time (Adam Florek, Esq., overlapping briefly with Rachel L. Cohn, Esq. ), and one paralegal at a time (*id.*, ¶¶ 6-10; Blank Rome billing records, NYSCEF Doc. No. 55). Michelle Gervais, Esq., of Blank Rome's Florida office, provided local assistance beginning in April 2020 (Cohn reply affirmation, ¶ 10). The other billers had much more limited involvement with the matter, which is not an unusual staffing pattern (*id.*, ¶¶ 11-12; Blank Rome billing records, NYSCEF Doc. No. 55).

Finally, defendants also challenge plaintiff's bills due to counsel's use of "block billing," or including multiple tasks in a single time entry. "Block billing . . . is common practice among law firms and does not render the invoiced amounts per se unreasonable" (*Freidman v Yakov*, 138 AD3d 554, 556 [1st Dept 2016] [internal quotation marks and citations omitted]). Here, the entries are sufficiently detailed to evaluate the individual tasks vis-à-vis the aggregate time billed for them, and Ms. Cohn's affirmation testimony is sufficiently explanatory as to allow the court to determine the reasonableness and necessity of the services rendered (*546-552 W. 146th St. LLC v Arfa*, 99 AD3d 117, 123 [1st Dept 2012] ["(T)he law firm's block billing did not render the invoiced amounts per se unreasonable and the allocations of work billed between this case and related cases were adequately explained by the billing attorney's unrebutted and credible testimony and the spreadsheet he prepared to assist in understanding the invoices"]). While plaintiff did not proffer the affidavit of an attorney from either of its local co-counsel firms, their invoices and billing records are sufficiently detailed, and the nature and procedural history of the Florida actions is sufficiently set forth in the record, to allow the court to evaluate the records (local counsel billing records, NYSCEF Doc. Nos. 53-54). The court notes that while defendants object to the practice of block billing, they do not challenge the reasonableness of the services

actually provided (except in the manner of their previous objections as to how counsel staffed the case, which objection is addressed above).

Accordingly, it is hereby

ORDERED that the motion is granted, and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $828,213.68, with interest thereon at the statutory rate from October 16, 2019,[1] through entry of judgment, as calculated by the Clerk, together with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs.

This constitutes the decision and order of the court.

ENTER:

_Louis L. Nock_

| 1/23/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LOUIS L. NOCK, J.S.C.** | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ | SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

---

[1] The date defendants ceased making ongoing attorney fee advances to plaintiff.

**652216/2020   PACIFIC WESTERN BANK vs. 919 OLD WINTER HAVEN REALTY,**
**Motion No.  002**

**Page 6 of 6**

[* 6]